**MOSHEIK v. BATES, United States Director of Prisons.**

**No. 6788.**

United States Court of Appeals for the District of Columbia.

Decided Nov. 16, 1936.

See, also, 63 F.(2d) 533.

Aaron Mosheik, pro se.

Leslie C. Garnett and Allen J. Krouse, both of Washington, D. C., for appellee.

Before MARTIN, C. J. and ROBB, VAN ORSDEL, GRONER, and STEPHENS, JJ.

MARTIN, C. J.

The appellant in this case is a convict serving a sentence in the Federal Penitentiary at Leavenworth, Kansas. The question which arises in the case is whether the time during which appellant was imprisoned in jail pending his appeal from his conviction is to be considered as part of the term of imprisonment to which he was sentenced.

The appeal is from a judgment of the District Court of the United States for the District of Columbia denying appellant's petition for a writ of mandamus against Sanford Bates, Director of the United States Bureau of Prisons, Carl F. Zarter, Record Clerk, United States Penitentiary, Leavenworth, Kan., and Fred G. Zerbst, Warden of the same institution.

The record filed in this court consists of the appellant's petition filed in the lower court, the answer of the defendants therein named, a demurrer filed by appellant to the answer, the court's order overruling the demurrer, and the judgment entered by the court against the appellant who waived his right to plead further in the case.

It appears from the record that the appellant was convicted on December 19, 1931, in the United States District Court for the Northern District of Texas of the crime of possessing stolen Liberty bonds and forging and assisting in forging false indorsements thereon. The indictment was in two counts drawn under section 73, tit. 18 U.S.C. (18 U.S.C.A. § 73).

On the day of his conviction appellant was sentenced to 7 years' imprisonment in the United States Penitentiary at Leavenworth, Kan., on the first count of the indictment, and 7 years in the penitentiary on the remaining count, execution of the second term of 7 years being suspended and appellant being placed upon probation effective upon the expiration of the first term.

On the same day appellant noted an appeal from his conviction, and on December 30, 1931, a day within the same term, the trial court filed an order allowing the appeal and granting 30 days' time within which appellant could file a bill of exceptions and a statement of facts, and further providing for appellant's release from custody upon his execution of a bond in the sum of $10,000, such bond to act as a supersedeas of the judgment. Appellant, however, executed no bond, but remained as a prisoner in the Tarrant county jail, Fort Worth, Tex., from December 19, 1931, to May 24, 1933, pending the determination of his appeal.

On May 24, 1933, the mandate of the Circuit Court of Appeals for the Fifth Circuit was received in the District Court affirming the conviction and judgment. By this time appellant had remained a prisoner

in the Tarrant county jail for a period of one year, five months, and six days.

Afterwards, on May 26, 1933, the trial court signed an order which recited that appellant had been committed to the Tarrant county jail on December 19, 1931; that he had been denied bail; that he had been confined in jail continuously from that date; and ordering that, "pursuant to the provisions of title 18 U.S.C. § 709a [18 U.S.C.A. § 709a] that the said Aaron Mosheik be and he is hereby ordered credited on his sentence the time he has been in custody in jail." It appears from the record that this order was entered after the expiration of the term of court at which appellant was convicted and sentenced, and that no order was made keeping the term open or otherwise providing for any entry in the case subsequent to its expiration. The record discloses that the statement occurring in the court's order to the effect that appellant "had been denied bail" was erroneous and unfounded, and that in fact bail had been allowed to the appellant, but that appellant had not executed any bond for his release.

On May 26, 1933, after the mandate affirming appellant's conviction had been received by the trial court, and after the order had been made by the court respecting the credit upon appellant's sentence for the time he had been in custody in jail, a commitment was issued out of the trial court crediting appellant upon his sentence with the time spent in jail and directing the clerk to so state in his commitment and to transmit to the warden at Leavenworth a copy of that order. This commitment was duly received and entered by the record clerk of the penitentiary and appellant's sentence accordingly was entered as beginning December 19, 1931, the date when appellant was first imprisoned in the county jail. Subsequently this record was changed by the record clerk of the penitentiary, and appellant's sentence was recorded as beginning on May 27, 1933, the date of his arrival at the penitentiary.

The record discloses that the appellant is being held in Leavenworth Penitentiary under the sentence of December 19, 1931, and his sentence has been recorded as commencing on May 27, 1933, the date of his arrival at that institution and without credit or deduction for the time spent by him in jail pending the hearing of his appeal. Appellant then brought the present case in the District Court of the United States for the District of Columbia to compel the appellees to change the record of appellant's term of imprisonment in order that his sentence be credited and reduced by the time spent by him in jail.

Upon the record as presented by appellant the trial court denied a writ of mandamus as prayed by appellant, and entered judgment against appellant. The present appeal was then brought in this court.

We are of the opinion that the judgment of the trial court is correct.

■ It is provided by section 709a, tit. 18 U.S.C., 18 U.S.C.A. § 709a, as follows:

"§ 709a. *Time when sentence begins to run.* The sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That if any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing the term."

It is the contention of appellant that under the foregoing section it should be held that his term of imprisonment should commence when he was first incarcerated in the Tarrant county jail and that he should be credited with the entire time spent by him in jail as part of his term. This, however, is not the language of the statute. It provides only that, when a prisoner is committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his term shall begin on the date on which he is received at such jail or other place of detention. In the present case the appellant was not committed to the Tarrant county jail to await transportation to the Leavenworth Penitentiary, but was imprisoned there to await the decision of the appellate court upon his appeal, and this because of his failure to give a bond for his enlargement. Consequently, the time which he spent in jail is not made a part of his term by the language of the statute. Gorovitz v. Sartain (D.C.) 1 F. (2d) 602; Fels v. Snook (D.C.) 30 F.(2d) 187. It is contended by appellees that the foregoing section was enacted subsequent

to the time of conviction and sentence of appellant by the trial court and that the statute has no retrospective effect and therefore is not controlling in the present case. We need not consider the latter question in view of the fact that, as above stated, the act by its own terms is not applicable herein.

It is stated in Dimmick v. Tompkins, 194 U.S. 540, 547, 24 S.Ct. 780, 781, 48 L.Ed. 1110: "The imprisonment of the appellant in the county jail could not, therefore, have been under the judgment which prescribes imprisonment in the state prison. But such detention may have been owing to his efforts to obtain a review and reversal of the judgment, and, in the meantime, a supersedeas thereon, so as to prevent his transportation to the state prison, and in that case such detention should not be counted as any part of the time of imprisonment in the state prison. In that event his imprisonment in the state prison, under the judgment, should be counted from the time it actually commenced, notwithstanding the statement of the sentence that it should be for two years from October 16, 1901. The time of commencement was postponed by his own action, and he cannot take advantage of it, and thus shorten the term of his imprisonment at hard labor in the states prison."

 Moreover, prior to the date of the order requiring that appellant's term of imprisonment should be credited with the time spent by him in the Tarrant county jail, the term of court at which the trial was had and sentence pronounced had been adjourned without any provision for the entry of further orders in the case. Accordingly the jurisdiction of the trial court over the case had ceased and its duty was limited to such orders as were necessary to the execution of the mandate received by it from the 'appellate court. Therefore its action in passing an order for the modification of the appellant's place and term of imprisonment was void.

In Fine v. United States (C.C.A.) 67 F.(2d) 591, 592, it is said by the court: "We have found no case, and our atten-

tion has been called to none, where the jurisdiction of the trial court was held to continue, for the purpose of vacating its judgment, not only after the expiration of the term at which that judgment was entered, but also after it was affirmed upon appeal. On the contrary, we find several cases where it is very definitely held that the court's jurisdiction does not continue. In United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129, it was held that the trial court was without authority to vacate its own judgment and grant a new trial on the ground of newly discovered evidence as to the misconduct of a United States Attorney and concealment of bias of one of the jurors. It was said there that the entering of judgment and the imposition of sentence completed the proceedings so far as the trial court was concerned. See also United States v. Pile, 130 U.S. 280, 9 S.Ct. 523, 32 L.Ed. 904."

Cf. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354; In re Sanford F. & T. Co., 160 U.S. 247, 16 S. Ct. 291, 40 L.Ed. 414; United States v. Howe (C.C.A.) 280 F. 815, 23 A.L.R. 531.

It follows that the record clerk at the penitentiary was not required to give effect to this order and his entry that the term was begun by appellant at the time when he was received at the penitentiary was correct and valid. This conclusion leads to an affirmance of the judgment of the lower court.

It is contended by appellees that in any event appellant's petition for a writ of mandamus cannot be sustained, inasmuch as appellant will be entitled by an action of habeas corpus, at the close of his sentence as computed by him, to raise the question which he seeks to raise in this case. It is a general rule that mandamus will not lie where an adequate remedy at law may be had to secure the right in controversy. We need not discuss this contention in view of the fact that in our opinion the claim of appellant cannot be sustained, inasmuch as the order upon which he relies is null and void.

Affirmed.