## HUDSPETH, Warden, v. MOSHEIK.
### No. 1590.

Circuit Court of Appeals, Tenth Circuit.
Jan. 18, 1938.

Rehearing Denied Jan. 31, 1938.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellant.

Aaron Mosheik, pro se.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment discharging Mosheik upon habeas corpus.

Mosheik was convicted in the District Court of the United States for the Northern District of Texas of violations of title 18 U.S.C.A. § 73, and on December 19, 1931, was sentenced to imprisonment in the United States Penitentiary at Leavenworth, Kan., for a term of seven years. On the last-mentioned date an application for appeal was allowed and the court entered an order directing that the appellant be not enlarged on bail pending the appeal. He was confined in the county jail of Tarrant county, Tex., pending the appeal. On February 25, 1933, the judgment of conviction was affirmed. See Mosheik v. United States, 5 Cir., 63 F. 2d 533. The mandate was filed in the District Court of the United States for the Northern District of Texas on May 24, 1933. On May 26, 1933, after the term at which the judgment and sentence had been entered had expired, the trial court undertook to make an order giving Mosheik a credit on his sentence of one year, five months and six days, the time he was confined in the county jail pending the appeal.

The record clerk at the penitentiary, in accordance with instructions received from the director of prisons, refused to recognize the order of May 26, 1933, and recorded the beginning of the sentence as of the date of the arrival of Mosheik at the penitentiary. Thereafter Mosheik brought a mandamus proceeding in the District Court of the United States for the District of Columbia against Sanford Bates, director of prisons, to compel him to direct the changing of the record to comport with the order of the District Court of May 26, 1933. The writ was denied. Mosheik prosecuted an appeal to the United States Court of Appeals for the District of Columbia. The latter court affirmed the judgment holding that, since the term at which the judgment and sentence were entered had expired prior to the entry of the order of May 26, 1933, the court was without power to modify the sentence and that Mosheik was not entitled to credit for the time he was incarcerated in the county jail pending his appeal. See Mosheik v. Bates, 66 App.D.C. 318, 87 F. 2d 221.

Mosheik's right to relief in the instant case depends entirely upon the validity of the order of May 26, 1933. We agree with the conclusions reached in Mosheik v. Bates, supra,[1] and are further of the opinion that the adjudication in that case is binding upon the petitioner in the instant proceeding.

[1] See, also, Dimmick v. Tompkins, 194 U.S. 540, 547, 24 S.Ct. 780, 48 L.Ed. 1110.

The judgment appealed from is reversed and the cause remanded, with instructions to the trial court to direct the return of the petitioner to the custody of the Warden.

Reversed and remanded.