**DEMAROIS v. HUDSPETH, Warden United States Penitentiary, Leavenworth, Kan.**

No. 1769.

Circuit Court of Appeals, Tenth Circuit.

Oct. 10, 1938.

Alfred Demarois, in pro. per.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

Appellant, hereinafter called petitioner, perfected this appeal from an order denying his petition for a writ of habeas corpus to free him from the custody of the warden of the United States Penitentiary at Leavenworth, Kansas.

On June 2, 1928, petitioner entered a plea of guilty in the United States Court for Minnesota to an indictment charging him with the violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, and was sentenced to serve a term of five years in the penitentiary at Leavenworth; and on the same day the court entered an order suspending the sentence and placing petitioner on probation for five years on condition that during such time (1) he report to the probation officer designated by the court at least once every thirty days, and (2) he not commit any crime against the laws of the United States or of any state or territory thereof. He failed to make the reports, and on the ensuing September 25th a state court in Wisconsin committed him to prison for a term of one to ten years for the violation of· a statute of the state. On December 1st thereafter, while he was confined in the state prison, the United States Court for Minnesota entered an order, in his absence and without a hearing, revoking the probation previously granted; and on the same day a commitment issued to the Marshal. Petitioner was released from the state prison on January 8, 1935; the Marshal immediately took him into custody on the commitment; and ·on January 9th, he was placed in the penitentiary at Leavenworth. On October 23rd, he filed in the United States Court for Kansas his petition for a writ of habeas corpus, on the ground that the order of the court in Minnesota revoking the probation was void for the reason that it was entered in his absence and without notice or hearing. On November 4th, while the petition was pending in the court in Kansas, a warrant issued out of the court in Minnesota, directing that petitioner be arrested and brought before that court on December 11th for a hearing on the matter of the revocation of the probation theretofore granted. On November 22nd, the court in Kansas granted the writ of habeas corpus, but directed that petitioner be delivered to the Marshal for the District of Minnesota to be taken to Minnesota for proper disposition according to law. On November 25th, petitioner filed in the United States Court for Minnesota a petition for habeas corpus to obtain his release from the custody of the Marshal. On December 10th, the peti-

tion was denied and petitioner was remanded to the custody of the Marshal. On the following day, that is on December 11th, petitioner was brought before the court in Minnesota and, after a hearing, an order was entered revoking the probation granted on June 2, 1928, and directing that commitment issue as of December 11th. In connection with the proceeding for revocation, petitioner requested in open court that he be allowed to remain in the county jail at Saint Paul, Minnesota, in order to be in position to . render advice and assistance to his counsel in connection with the preparation of the record and his brief on appeal from the judgment of the court rendered in the habeas corpus proceeding on the previous day. The request was granted; the court ordered the Marshal to keep petitioner in such jail during the pendency of the appeal in the habeas corpus case; and in obedience to that order the Marshal immediately delivered him into the custody of the keeper of such jail. Soon thereafter and while petitioner was thus confined in the jail, he appealed to the United States Circuit Court of Appeals for the Eighth Circuit from the order denying the writ of habeas corpus. The order was affirmed on February 8, 1937. United States v. Farrell, 8 Cir., 87 F.2d 957. Petition for rehearing was denied on March 29th; the mandate issued out of the appellate court on April 19th; the commitment issued out of the district court on the same day; and the Marshal delivered petitioner to the warden of the penitentiary at Leavenworth on May 7th. On August 13, 1937, the President of the United States commuted the sentence to a period of three years.

The petition in this proceeding was filed in March, 1938, and the question for determination is whether the sentence began to run from December 11, 1935—the date on which the order of probation was revoked—or on some subsequent date. Stated in other language, the point of contention is whether the time spent in the jail at Saint Paul pending the appeal should be applied on the sentence. If so, with allowance for good conduct, petitioner is entitled to his freedom; otherwise, the court properly denied the writ.

■ The Act of June 29, 1932, provides that a sentence of imprisonment shall begin to run from the date on which the person sentenced is received at the penitentiary, reformatory or jail at which such sentence is to be served, and further that if the person shall be committed to a jail or other place of detention to await transportation to the institution at which his sentence is to be served, the time shall run from the time he is received at such jail or other place of detention. 18 U.S.C.A. 709a. The plain purpose of the act is to include in the period of incarceration the time spent in local confinement awaiting transportation to the penal institution for service of the sentence, and thus avoid a longer imprisonment than that imposed. Eyler v. Aderhold, 5 Cir., 73 F.2d 372; Brown v. Johnston, 9 Cir., 91 F.2d 370.

■ But here petitioner was not confined in the jail to await transportation to the penitentiary. He was confined there to wait disposition of his appeal in the habeas corpus case. And the confinement there for that purpose was ordered and carried into effect pursuant to his request made in open court in connection with the proceedings for the revocation of the probation. One who thus brings about his own retention in jail, not for transportation to the penal institution at which his period of confinement is to be served, but in order to enable him to aid his counsel in the prosecution of an appeal and to await the outcome of such appeal, cannot be heard to say that the time spent in jail should be applied as a credit on the sentence. Compare Dimmick v. Tompkins, 194 U.S. 540, 24 S.Ct. 780, 48 L.Ed. 1110; Mosheik v. Bates, 66 App.D.C. 318, 87 F. 2d 211; Hudspeth v. Mosheik, 10 Cir., 94 F.2d 382. This conclusion seems to find support in the spirit of Rule 5 of the Rules of Practice and Procedure in criminal cases after plea of guilty and after verdict of guilt. That rule provides that an appeal stays the execution of the judgment, unless the defendant pending his appeal shall elect to enter upon the service of the sentence imposed upon him. 28 U.S.C.A. following section 723a, 292 U.S. 663. There were two separate cases in this instance, but the request of petitioner amounted to an election not to enter upon the service of the sentence in one until disposition had been made of his appeal in the other.

It is clear that the sentence did not begin to run earlier than March 29, 1937, the date on which the United States Circuit Court of Appeals denied the petition for rehearing, for the reason that until that time petitioner was confined in the jail pursuant to his own request to await the outcome of his appeal in the habeas corpus

case, not for transportation to the penitentiary. The reduced sentence not having been completed, the petition for the writ was rightly denied.

The order is affirmed.