Petitioner had no attorney but represented himself.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for William H. Hiatt, respondent.

## VON BADEN v. HIATT, Warden United States Penitentiary, Lewisburg, Pa.

### No. 130.

### District Court, Middle District of Pennsylvania.

### Nov. 28, 1942.

JOHNSON, District Judge.

Victor Von Baden, a prisoner in the United States Penitentiary, Lewisburg, Pennsylvania, has filed a petition for a writ of habeas corpus directed to the Warden of the Penitentiary. Upon a rule to show cause issued thereon a hearing was duly had with the petitioner present. The petitioner's contention and the facts appearing in relation thereto are as follows:

He was originally sentenced in the United States District Court for the Northern District of Ohio on October 16, 1940, and entered his appeal on October 21, 1940. His Notice of Appeal filed on October 21, 1940, contains the following: "Pursuant to Rule V, I hereby serve notice that I do not elect to enter upon the service of the sentence pending appeal". On January 3, 1941, he then filed his motion to amend his Notice of Appeal by striking out of the last paragraph thereof the words "do not" so that the said paragraph would read: "Pursuant to Rule V, I hereby serve notice that I elect to enter upon the service of the sentence pending appeal". The endorsement thereon, dated January 27, 1941, is "Motion over-ruled". The appeal was withdrawn February 5, 1941. He now contends that he is entitled to credit on the service of the sentence for the period from October 21, 1940, to February 5, 1941. If he were entitled to credit for this entire period, he would now be eligible for conditional release with good time deductions. Disregarding, for the purpose of this case, the question of whether the court would have had the power to grant the motion as made, it is clear that such motion was not granted and that during the period from October 21, 1940 (when the appeal was taken), to January 3, 1941 (when he filed his motion

684

asking that the notice be changed to show an election to serve the sentence), he was actually held under the appeal on an election not to serve the sentence under Rule V of the Rules of Criminal Procedure After Plea of Guilty, Verdict or Finding of Guilt, 18 U.S.C.A. following section 688, which provides as follows:

"An appeal from a judgment of conviction stays the execution of the judgment, unless the defendant pending his appeal shall elect to enter upon the service of his sentence".

In view of the fact that service of sentence was, by the foregoing, stayed, it cannot be said that during that period he was committed to a jail or other place of detention to await transportation to the place at which his sentence was to be served under the provisions of 18 U.S.C.A. § 709a. Without credit for the period from October 21, 1940, to January 3, 1941, the petitioner has not completed the service of his sentence and there is therefore no basis for the issuance of a writ at this time.

With the thought of avoiding further proceedings, but without at this time deciding the question, attention is called to the fact that although the court properly overruled the motion as a motion to amend the notice of appeal nunc pro tunc, such motion should possibly have been considered by the court as an election to serve as of the date of the filing of the motion on January 3, 1941.

■ The petitioner has also alleged in his petition that it was the intention of the trial court at the time of sentencing to impose a sentence that would expire at the same time as two other sentences imposed upon this petitioner, which other sentences have now been served. Whether or not this was the intention of the court cannot be inquired into by this court in a habeas corpus proceeding. The computation of the sentence must be in accordance with the records of the trial court, and such records cannot be collaterally attacked. As was stated in Hill v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 762, 80 L.Ed. 1283;

"Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption. In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge."

The petitioner not being entitled to credit for the period from October 21, 1940, to January 3, 1941, and having not therefore as yet completed the service of his sentence, the petition is accordingly dismissed and the rule granted thereon discharged.