**BAKER v. HUNTER, Warden, United States Penitentiary, Leavenworth, Kan.**

No. 2891.

Circuit Court of Appeals, Tenth Circuit.

May 10, 1944.

A. G. Bush, of Davenport, Iowa, for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (George H. West, U. S. Atty., and Lester Luther, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

By this proceedings in habeas corpus, the appellant, Norman G. Baker, seeks to obtain his release from the custody of the Warden of the Federal Penitentiary at Leavenworth, Kansas, contending that time spent in the county jail of Pulaski County, Arkansas, pending appeal and affirmance of his conviction, should be applied and credited to the sentence imposed. If the fourteen months during which he remained in the county jail is applied to the service of his sentence, he is entitled to be released, otherwise he is in lawful custody and the trial court rightly discharged the writ.

Appellant was indicted, tried and convicted in the United States District Court for the Eastern District of Arkansas for violations of the mail fraud statute. On January 25, 1940, the trial court sentenced him to the custody of the attorney general for a period of four years, and on the same date he was delivered to the United States Marshal who placed him in the Pulaski County jail. On the following day, appellant served notice of appeal to the Eighth Circuit Court of Appeals, and applied to the District Court for allowance of bail pending appeal which was denied, and repeated applications for bail to the Circuit Court of Appeals were likewise denied. The conviction was affirmed on the following November 20, 1940, Baker v. United States, 8 Cir., 115 F.2d 533, rehearing was denied on December 7th, and certiorari denied February 17, 1941, 312 U.S. 692, 61 S.Ct. 711, 85 L.Ed. 1128. See also Baker v. Hudspeth, 10 Cir., 129 F.2d 779. Thereafter the appellant was transported to the Federal Penitentiary at Leavenworth, Kansas, and committed to the custody of the Warden on March 22, 1941.

Rule V of the Rules of Practice and Procedure, 18 U.S.C.A. following Section 688, 292 U.S. 663, 54 S.Ct. XXXVIII, promulgated by the Supreme Court on May 17, 1934, provides that "An appeal from a judgment of conviction stays the execution of the judgment, unless the defendant pending his appeal shall elect to enter upon the service of his sentence." It follows therefore that the execution of the sentence was stayed by the appeal, unless appellant elected to enter upon its service prior to the dis

position of the appeal. He did not however elect to commence the service of his sentence, but six days after the date of sentence, and after notice of appeal and application for bail, he signed and submitted the following notice to the United States Marshal: "For the time being and until further notice, we, the undersigned, elect to remain in the Pulaski County jail, instead of beginning our sentences in the Federal Prison. It is probable that we may within the next thirty days elect to begin our sentence. If so, immediately upon such election, we will notify you."

To extricate himself from this predicament, the appellant contends that Rule V of the Supreme Court is merely a rule of procedure which is in conflict with a substantive right granted by the Act of June 29, 1932, 47 Stat. 381 18 U.S.C.A. 709a, which provides in effect that if a sentenced person is committed to a jail or other place of detention to await transportation to the institution at which sentence is to be served, the sentence of imprisonment commences to run from the date on which the person is received at the place of detention, and no sentence shall prescribe any other method for computing the term. Appellant argues in effect that when on January 25, 1940, he was received at the Pulaski County jail, he was there detained to await transportation to the place at which his sentence was to be served, consequently by force of substantive law his sentence commenced to run from the date on which he was received at the jail, not when finally committed to the custody of the Warden on March 22, 1941, and that the Supreme Court is powerless to provide otherwise by a rule of procedure.

 This identical contention was made to the sentencing court on motion to modify the mandate. The court denied the motion, and the Circuit Court affirmed, holding that Rule V deprived appellant of no substantive right granted him by the Act of June 29, 1932; that since the appellant remained in the Pulaski County jail at his own request pending disposition of his appeal and application for bail, he was not there awaiting transportation to the place at which his sentence was to be served. Baker et al. v. United States, 8 Cir., 139 F.2d 721.

We concur in the judgment of that court and the authorities which support it. Dimmick v. Tompkins, 194 U.S. 540, 24 S.Ct. 780, 48 L.Ed. 1110; Mosheik v. Bates, 66 .App.D.C. 318, 87 F.2d 221; Hudspeth v. Mosheik, 10 Cir., 94 F.2d 382; Demarois v. Hudspeth, 10 Cir., 99 F.2d 274 certiorari denied 305 U.S. 656, 59 S.Ct. 360, 83 L.Ed. 425; United States ex rel. Steinberg v. Cummings, D.C., 14 F.Supp. 647, affirmed 3 Cir., 85 F.2d 1022; Von Baden v. Hiatt, D.C., 47 F.Supp. 683; Smith v. Hiatt, D.C., 48 F.Supp. 747. Moreover, we are also of the opinion that the adjudication in that case is binding upon the appellant in the instant proceedings. He has had his day and is not entitled to relitigate the same question here. Cf. Hudspeth v. Mosheik, supra. The judgment of the trial court is affirmed.