## UNITED STATES v. MARTIN.

### No. C/9864.

District Court, W. D. South Carolina.

April 12, 1948.

Order Affirmed July 7, 1948.

See 168 F.2d 1003.

Oscar H. Doyle, U. S. Atty., of Greenville, S.C., for United States.

No appearance for defendant.

WYCHE, District Judge.

By letter dated March 15, 1948, received and filed on March 27, 1948, Robert S. Martin, now a prisoner in the United States Penitentiary, in Atlanta, Georgia, petitioned the Court "to vacate judgment and to issue a writ of habeas corpus, bringing me back to your Court for a new trial or if the Court sees fit turn me loose".

The petitioner was sentenced at Greenwood, South Carolina, on December 8, 1947, after he had waived his right to indictment by a grand jury and consented to be charged with violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, by way of information. The record also shows that he was informed of his right to have counsel appointed for him without expense, and that he declined the offer of counsel. He waived arraignment and pleaded guilty and was sentenced to the custody of the Attorney General for a period of five years. Petitioner now claims that his rights under the Fifth Amendment to the Constitution were violated in that he was sentenced without having been indicted by a grand jury; and, further, that his rights were also violated in that he was sentenced without having been represented by counsel, and that the Court has the right under Rules 33 and 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, to grant him the relief prayed for.

Under Rule 33, the Court may grant a new trial to a defendant if required by the interests of justice. This petitioner, after being fully informed of his rights, entered a plea of guilty, and the interests of justice do not require that he be granted any relief.

Under Rule 35, the Court may correct an illegal sentence at any time. This petitioner did not receive an illegal sentence. More than sixty days have elapsed since the imposition of sentence and the Court would not have the right to reduce the sentence even if disposed to do so.

The Federal Rule 7, authorizing prosecution of a defendant in a non-capital felony, upon information, provided he waives an indictment by grand jury, does not violate provision of the Fifth Amendment that no person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury. Barkman v. Sanford, 5 Cir., 162 F.2d 592; Rawls v. United States, 10 Cir., 162 F.2d 798.

The place at which the petitioner is serving his sentence is without the territorial jurisdiction of this Court, and the Court cannot direct a writ of habeas corpus to the Warden of the penitentiary where petitioner is serving his sentence. 28 U.S.C., Section 452, 28 U.S.C.A. § 452; United States v. Hunter, 7 Cir., 162 F.2d 644.

Petitioner asks that the Court instruct the Clerk to inform him of the dates and facts relating to his case. While he is not technically entitled to an order directing the Clerk to send him a certified copy of the proceedings in his case, the Court will nevertheless order this to be done.

Therefore, It Is Ordered:

(1) That the petitioner's motion for any form of relief from his sentence and for

a writ of habeas corpus be, and the same is hereby, denied;

(2) That the Clerk of this Court prepare a certified copy of the record in this case and transmit it to Robert S. Martin, PMB No. 68034-A, Atlanta, Georgia.