**UNITED STATES v. WALKER.**

United States District Court
S. D. New York.

Sept. 23, 1952.

John Donald Walker, pro se.

Myles J. Lane, U. S. Atty., Harold J. Raby, Asst. U. S. Atty., New York City, of counsel, for defendant.

WEINFELD, District Judge.

Petitioner, appearing in person, moves for an order resentencing him or correcting his sentence pursuant to provisions of Title 28 U.S.C. § 2255.

On May 31st, 1950, the defendant, upon his conviction of violations of Title 18 U. S.C. §§ 415 and 418 [1948 Revised Criminal Code, 18 U.S.C.A. §§ 2314, 3237], was sentenced to imprisonment upon each of two counts for a term of ten years and five years respectively to run consecutively and fined $10,000 on each count.[1] He was thereupon confined to, and to this date remains in, the Federal Detention Headquarters in New York City.

On June 2nd, 1950, petitioner filed an appeal, which was argued before the Court of Appeals on April 9th, 1951. At or about this time he did not affirmatively elect not to "commence service of the sentence" as authorized by Rule 38(a) (2), of the Federal Rules of Criminal Procedure, 18 U.S.C.[2] But thereafter, on May 16th,

---

1. Subsequently, on January 18th, 1952, an order was entered reducing the sentence to a term of ten years on count 1 and a term of five years on count 2, to run concurrently and not consecutively, and remitting the fine imposed in both counts.

2. "Imprisonment. A sentence of imprisonment shall be stayed if an appeal is

1951, one month after the argument of the appeal and almost one year after the original judgment of conviction had been entered, he signed what is designated as an election "to discontinue further service of the sentence imposed." The present application centers about this document. Petitioner asserts that because of it he has not been credited with time served from May 16th, 1951 to November 19th, 1951—on which date the Court of Appeals issued its mandate upon the affirmance of the judgment of conviction,—that as a result he is not eligible for parole until April 5th, 1954, whereas otherwise he would be eligible for parole on September 30th, 1953, and further that he has not been credited with the full amount of good time to which he would otherwise be entitled. He urges that the so-called "election to discontinue service of sentence" is unauthorized by law and is a nullity; that under Title 18 U.S.C. § 3568,[3] his sentence commenced on May 31st, 1950, when he was committed to the Federal Detention Headquarters and that the only interruption recognized by law is that authorized by Rule 38(a) (2) of the Federal Rules of Criminal Procedure.[4] In substance, he argues that the law makes no provision for an election to discontinue service of a sentence but provides only for an election not to commence service of sentence.

Without passing upon the merits of the defendant's contention, the Court is of the view that the application must be denied for the reason that the relief sought here is not authorized under Title 28 U.S.C. § 2255. The legality of the judgment of conviction is not questioned; the sentence imposed was not in excess of the maximum authorized by law and is not otherwise subject to collateral attack. In any event, petitioner is not "claiming the right to be released," as he must to come within § 2255. According to his own theory, based upon the alleged invalidity of the document signed by him, the earliest date on which he is eligible to apply for parole is September 30th, 1953, and further accepting his own computation for time off for statutory good behavior, there is still a substantial period of the sentence to be served. Whatever defendant's relief, whether by a declaratory judgment suit now,[5] as suggested by the United States Attorney, or other proceeding hereafter[6] in the event the Board of Parole does not consider him eligible for parole on September 30th, 1953, or he is not released after crediting him with statutory good time allowances, the present application is premature. See McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; McDonald v. Johnston, 9 Cir., 149 F.2d 768; Spaulding v. Sanford, 5 Cir., 142 F.2d 444; Wilson v. Bell, 6 Cir., 137 F.2d 716.

The motion is denied.

Settle order on notice.

taken and the defendant elects not to commence service of the sentence or is admitted to bail."

3. "Effective date of sentence
"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.
"If any such person shall be committed to a jail or other place of detention to wait transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.
"No sentence shall prescribe any other method of computing the term."

4. Supra, footnote #1.

5. But see Clark v. Memolo, 85 U.S.App. D.C. 65, 174 F.2d 978.

6. See McNally v. Hill, 293 U.S. 131, 140, 55 S.Ct. 24, 79 L.Ed. 238; United States ex rel Hurwitz v. Alexander, 7 Cir., 150 F. 2d 1013, 1014.