**UNITED STATES v. WALKER.**

United States District Court
S. D. New York.

Oct. 14, 1953.

J. Edward Lumbard, U. S. Atty., New York City, for the United States.

John Donald Walker, pro se.

SUGARMAN, District Judge.

John Donald Walker moves for an order "declaring that a document executed

by petitioner on the 16th day of May, 1951, purporting to be 'an election not to commence service of sentence' under Rule 38(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., be declared null and void and of no effect; or correcting his sentence, or different relief, as the Court may deem just and proper", under 28 U.S.C.A. § 2255.

A similar motion was brought on in this court in 1952 which was dismissed as premature because

> "According to his own theory, based upon the alleged invalidity of the document signed by him, the earliest date on which he is eligible to apply for parole is September 30th, 1953, and further accepting his own computation for time off for statutory good behavior, there is still a substantial period of the sentence to be served." [1]

The alleged factual basis for movant's application is set forth, in Judge Weinfeld's opinion from which the foregoing is quoted.

Movant now claims that by reason of the time elapsed since his prior application, the instant motion should be granted.

Relief under 28 U.S.C.A. § 2255 may be had only when the prisoner claims the right to be released because of some unlawfulness in the sentence imposed upon him. Petitioner does not show any defect in the sentence imposed. His complaint is that the Board of Parole has failed or refused to consider him eligible for parole.

■ The motion and the files and records of the case conclusively show that the petitioner is entitled to no relief under 28 U.S.C.A. § 2255.

■ Treating the application as a petition for a writ of habeas corpus, this court lacks requisite jurisdiction because the person of the movant is outside the jurisdiction of this court.[2]

■ Further, entertaining the doubtful [3] assumption that the petition herein sets forth a claim for relief by declaratory judgment, neither the prison parole officer,[4] nor the appropriate individual member of the Board,[5] nor the Parole Board itself,[6] appears to be within the jurisdiction of this court.

Accordingly, the instant motion is denied, but not on the merits.

1. D.C.N.Y., 107 F.Supp. 218, 219.

2. United States v. Martin, D.C.S.D., 8 F.R.D. 89, affirmed 4 Cir., 168 F.2d 1003, certiorari denied 335 U.S. 872, 69 S.Ct. 161, 93 L.Ed. 416.

3. Clark v. Memolo, 85 U.S.App.D.C. 65, 174 F.2d 978; Gibson v. U. S., 6 Cir., 161 F.2d 973.

