UNITED STATES of America

v.

**John Donald WALKER, Petitioner.**

United States District Court, S. D. New York.

Feb. 25, 1955.

Florence M. Kelley, Legal Aid Society, New York City, Charles Schinitsky, New York City, of counsel, for petitioner.

J. Edward Lumbard, U. S. Atty., New York City, Harold J. Raby, New York City, of counsel, for the United States.

WEINFELD, District Judge.

The petitioner, now incarcerated at Leavenworth Penitentiary, moves pursuant to Rule 36 of the Federal Rules of Criminal Procedure, 18 U.S.C. "to correct error in the record of the above entitled cause." He originally appeared pro se but was represented on the motion by counsel appointed by the court.

 The purpose of the motion is to declare null and void and expunge from the Clerk's record a document signed by petitioner entitled "Election to Discontinue Further Service of Sentence." The net result of this motion, if successful, would credit petitioner with the period of his confinement from May 16, 1951 to November 19, 1951 while at West Street Detention Headquarters. Three prior applications based upon substantially the same facts were denied but not on the merits.[1] Thereafter petitioner sought relief in the district of his confinement through a writ of habeas corpus. This too was denied without prejudice to the refiling of a new writ at some future date.[2] The United States Attorney urges, in view of the prior rulings and the fact that even taking into account the disputed period the petitioner would not, under recent action of the parole board, be eligible for conditional release earlier than 1957, the motion should be denied, leaving petitioner

1. United States v. Walker, D.C.S.D.N.Y., 107 F.Supp. 218; In re John Donald Walker, D.C.S.D.N.Y., File C. 128–10; United States v. Walker, D.C.S.D.N.Y., 117 F.Supp. 503.

2. Walker v. Looney, D.Kan., Docket No. 1913, Dec. 19, 1953.

at that time to his remedy by habeas corpus.

I do not agree, and believe the issue raised on the present motion may and should be determined on the merits. On this motion, unlike the prior ones which were based principally on § 2255 of Title 28 and denied without prejudice because relief was not warranted under that section, the petitioner seeks correction of the District Court records. Since these are binding on the Attorney General in determining the period of sentence and parole eligibility dates, inaccuracies thereon may be corrected by appropriate motion.[3] The only relief now sought is the correction of the records and accordingly the application may be entertained.

The facts upon which defendant predicates his claim for relief are as follows: On May 31, 1950 upon petitioner's conviction for violations of Title 18, United States Code, §§ 415 and 418,[4] he was sentenced to imprisonment upon each of two counts for a term of ten years and five years, to run consecutively.[5] On June 2, 1950 he filed an appeal which was argued before the Court of Appeals on April 9, 1951. Up to this time he did not affirmatively elect not to "commence service of sentence" as authorized by Rule 38(a) (2) of the Federal Rules of Criminal Procedure. But on May 16, 1951, one month after the argument of the appeal and almost one year after judgment of conviction had been entered, he signed what is designated as an "Election to Discontinue Further Service of the Sentence Imposed". Petitioner asserts that because of it he has not been credited with time served from May 16, 1951 to November 19, 1951, on which date the Court of Appeals issued its mandate upon the affirmance of the judgment of conviction. Accordingly, he seeks to correct the Clerk's records by expunging the "Election to Discontinue Service of Sentence."

■ I am of the view that the petitioner's application must be denied upon the merits. Rule 36 permits correction at any time of "clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission". However, this rule does not aid petitioner.[6] The document in question is not a clerical error. It was regularly filed in the very form in which it was executed by the defendant.

■ There remains only the question whether there is "error in the record arising from oversight or omission" by reason of the Clerk accepting a document which, as petitioner contends, was a nullity. The defendant on the day of sentence, May 31, 1950, was confined to the Federal House of Detention in New York and his sentence commenced to run from that date.[7] Interruption of the service of that sentence could be effected only by the defendant through Rule 38 (a) (2) of the Federal Rules of Criminal Procedure which provides "(2) Imprisonment. A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail."

The defendant in substance contends that the document is void because there is no authority under the rule to discontinue service of a sentence already commenced—that the rule provides only for election not to commence service of a sentence. The argument is pure semantics. The purpose of the rule is well known. It is all too clear that had the defendant not signed the form he was subject to transfer from the Detention

---

3. Clark v. Memolo, 85 U.S.App.D.C. 65, 174 F.2d 978; Von Baden v. Hiatt, D.C. M.D.Pa., 47 F.Supp. 683.

4. Now 18 U.S.C.A. §§ 2314, 3237.

5. In January, 1952 the sentences were re-duced to run concurrently and not con-secutively.

6. Cf. Richards v. United States, D.C.Cir., 212 F.2d 453.

7. 18 U.S.C. § 3568.

**8**

Headquarters to another place of confinement outside the Circuit. Indeed, the files establish that he was about to be transferred to Leavenworth Penitentiary and to avoid this result he executed the form under Rule 38(a) (2). There is no requirement that its language be set forth in haec verba. It matters not what words are employed to manifest the intent to interrupt the service of the sentence so long as it is clear that the defendant seeks to avail himself of the Rule. To adopt the defendant's argument would mean that once a defendant commences the service of a sentence he waives his right to the benefit of the Rule. The fact is that in most instances appeals are not filed simultaneously with the commencement of service but thereafter—usually just short of the expiration of the ten days within which to appeal. To accept the theory of the defendant would, in fact, exalt form over substance.

The motion is denied.