**Chester DAVIS, Appellant,**

v.

**Marcell GRAHAM, Warden, Utah State Prison, Appellee.**

**No. 5308.**

United States Court of Appeals
Tenth Circuit.

April 2, 1956.

Chester Davis, pro se.

E. R. Callister, Atty. Gen., and Walter L. Budge, Asst. Atty. Gen., on the brief for appellee.

Before BRATTON, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

### PER CURIAM.

Chester Davis was charged by information filed in the state court at Salt Lake City, Utah, with the offense of grand larceny. Following certain intervening proceedings, the defendant entered a plea of guilty to the charge and was sentenced to imprisonment and payment of a fine, but the sentence was stayed on condition that the defendant obtain entry into the Public Health Hospital, a federal institution at Fort Worth, Texas, for treatment. The defendant entered the institution and was later discharged therefrom; and thereafter the court committed him for service of the sentence. While detained in the state prison, the defendant instituted in the Supreme Court of Utah a proceeding in habeas corpus in which he attacked his commitment. The court denied the petition for the writ, and no application for certiorari was submitted to the Supreme Court of the United States. Davis later filed in the United States Court for Utah this proceeding in habeas corpus in which he challenged his commitment in the state court on the ground that it constituted a violation of due process under the Constitution of the United States. The petition for the writ was denied, and the proceeding was brought here on appeal.

It is settled law that a person restrained of his liberty by state process cannot maintain an action in habeas corpus in a United States Court to determine whether such restraint constitutes a violation of due process protected under the Constitution of the United States without first having exhausted every remedy available to him in the state courts. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Wild v. State of Oklahoma, 10 Cir., 187 F.2d 409; Carr v. Burford, 10 Cir., 188 F.2d 159; Odell v. Hudspeth, 10 Cir., 189 F.2d 300, certiorari denied 342 U.S. 873, 72 S.Ct. 116, 96 L.Ed. 656; Baley v. Tondre, 10 Cir., 199 F.2d 28.

The making of application to the Supreme Court of the United States for certiorari from the action of the Supreme Court of Utah denying the petition for a writ of habeas corpus constituted an essential element of the exhaustion of the remedy available to the petitioner under state law. Darr v. Burford, supra. And having failed to exhaust in full the remedy available to him under state law, petitioner could not maintain this proceeding in the United States Court. Darr v. Burford, supra; Wild v. State of Oklahoma, supra; Carr v. Burford, supra; Odell v. Hudspeth, supra; Baley v. Tondre, supra.

The judgment is affirmed.