**Eleanor RIKARD, Plaintiff,**

v.

**SOUTH CAROLINA STATE HOSPITAL, Dr. W. S. Hall, Superintendent, Defendants.**

**Civ. No. 4040.**

United States District Court
W. D. South Carolina,
Greenville Division.

March 15, 1962.

764

Eleanor Rikard, pro se.

WYCHE, Chief Judge.

In this case the plaintiff applies for a writ of habeas corpus for the purpose of obtaining her release from the South Carolina State Hospital, located in the Eastern District of South Carolina, upon the grounds stated in her complaint.

██ A person restrained of her liberty by state process cannot maintain habeas corpus action in a federal district court to determine whether such restraint constitutes a violation of the provisions of the United States Constitution, and Amendments thereto, without first having exhausted every remedy available to her in the state courts. Davis v. Graham, C.A.Utah, 1956, 232 F.2d 630; United States ex rel. Smith v. Jackson, C.A.N.Y., 1956, 234 F.2d 742.

██ It does not appear that the plaintiff has sought any remedy in the courts of South Carolina, or that she has exhausted the remedies provided by the statutory law of South Carolina.

Chapter 5, Code of Laws of South Carolina, 1952, (1960 Cumulative Supplement) entitled "Mentally Ill Or Deficient Persons" outlines the procedure and remedies available to the plaintiff in this case in the state courts. I call atten-

tion especially to Section 32–950.13, which is as follows: "Any individual detained pursuant to this chapter shall be entitled to the writ of habeas corpus upon proper petition by himself (herself) or a friend to any court generally empowered to issue the writ of habeas corpus *in the county in which he (she) is detained.*" (Emphasis added.) See, Douglas v. Hall, 229 S.C. 550, 93 S.E.2d 891.

Since it appears that the plaintiff has a remedy in the courts of South Carolina, and she has not availed herself of such remedies nor has she exhausted the remedies available to her under the statutory laws of South Carolina, it necessarily follows that this court has no right to issue a writ of habeas corpus in this case.

██ The plaintiff is not detained in the Western District of South Carolina, and for this reason the United States District Court for the Western District of South Carolina, has no jurisdiction to pass upon the legality of her detention.

28 U.S.C.A. § 2241, provides: "(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

██ The phrase "within their respective jurisdictions" as used in this section requires the presence of the plaintiff within the *territorial* jurisdiction of the District Court as a prerequisite to her filing of application for habeas corpus. United States v. Hayman, Cal.1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898, (1948); United States v. Martin, D.C.S.C. 1948, 8 F.R.D. 89, affirmed 168 F.2d 1003, certiorari denied 335 U.S. 872, 69 S.Ct. 161, 93 L.Ed. 416.

It is, therefore, ORDERED, That the petition for writ of habeas corpus in this case be and the same is hereby denied.

LET the Clerk of this Court send a certified copy of this Order to the plaintiff.