**UNITED STATES of America**
**v.**
**Jerald CARMEL, Defendant.**
**No. 60-CR-6.**

United States District Court
E. D. New York.

March 18, 1963.

No appearances—decision on submission of papers.

BARTELS, District Judge.

On April 14, 1960, a jury returned a verdict of guilty against Jerald Carmel and Philip John Vita under Counts 1, 2 and 3 of the indictment, charging them with robbing a national bank, placing in jeopardy the life of an employee of the bank by use of a dangerous weapon, and conspiring to commit the robbery, all in violation of Sections 2113(a) and (d), 2 and 371 of Title 18 of the United States Code. On May 6, 1960, Carmel was sentenced to imprisonment for a period of fifteen years, and on May 11, 1960, he filed a notice of appeal. On May 17, 1960, pursuant to Rule 38(a) (2), Fed. Rules Crim.Proc., 18 U.S.C., Carmel signed an Election Against Service of Sentence in which he stated: "I have been informed and I fully understand that, as long as my election not to serve remains in effect, the sentence of imprisonment shall be stayed and I cannot receive credit on the service of this sentence, notwithstanding the fact that I

am incarcerated." [1] On March 28, 1961, Carmel signed a notice electing "to resume service of sentence imposed on May 6th 1960". On August 28, 1961, the Court of Appeals affirmed his conviction. Against this background Carmel now files a petition for restoration of time relinquished under his prior election, stating, among other things, that his confinement record is meritorious and that he has received certain awards for his conduct.

The first question that comes to mind upon such an application is whether the Court has power to grant petitioner credit for the detention period covered by his election not to serve. Rule 38(a)(2) provides that if an appeal is taken a sentence of imprisonment shall be stayed during the time the defendant elects not to commence service of the sentence or is admitted to bail. Since the sentence of imprisonment was thus automatically stayed, service of the sentence did not commence until Carmel elected to resume service. See Norris v. United States, 5 Cir. 1951, 190 F.2d 186; United States v. Walker, S.D.N.Y.1955, 17 F.R.D. 5. During the intervening period Carmel was not in the House of Detention "for service of said sentence". [2]

No judicial power can be found either in the statute or in the Federal Rules of Criminal Procedure to credit Carmel with the time he lost by his election not to serve. If his request were granted in this case, it would reduce the amount of time to serve under his sentence and would, in effect have the same result, although not in form, as a reduction in the sentence itself. Under Rule 35, Fed.Rules Crim.Proc., 18 U.S.C., an application for reduction of sentence must be made within sixty days, and such time has long since elapsed. To permit the circumvention of Rule 35 by a credit for a period which admittedly was not served under the sentence, would violate the spirit of the Rule.

The motion is denied.

---

1. In witnessing the signature to this election, the Administrative Assistant at the Federal Detention Headquarters certified under his own signature that he "carefully instructed Jerald Carmel regarding the effects of an election not to commence service of his sentence and to my knowledge, he understands that he will not receive credit on the service of his sentence as long as he elects not to commence service of said sentence."

2. Section 3568, 18 U.S.C., provides that the sentence shall commence to run from the date on which such person is received "for service of said sentence" and

" * * *

"No sentence shall prescribe any other method of computing the term."