**UNITED STATES ex rel. STEINBERG v. CUMMINGS, Atty. Gen., et al.**

**No. 82.**

District Court, M. D. Pennsylvania.

April 18, 1936.

Joseph Heller, of New York City, and Irving L. Epstein, of Scranton, Pa., for relator.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondents.

JOHNSON, District Judge.

This is a petition for a writ of habeas corpus by Samuel Steinberg, an inmate of the United States Northeastern Penitentiary, at Lewisburg, Pa.

The petitioner was sentenced on May 17, 1932, by the District Court for the Southern District of New York to a term of five years in a United States penitentiary. The sentence provided that execution thereof was to begin on May 17, 1932, but that petitioner was to remain at Detention Headquarters at New York City for thirty days before being sent to the penitentiary. On June 17, 1932, the petitioner secured a stay of execution for a period of 30 days. Thereafter, the petitioner obtained further stays of execution, during which time he appealed to the Circuit Court and later applied for a certiorari to the Supreme Court of the United States, which was denied. Steinberg v. United States, 289 U.S. 729, 53 S.Ct. 526, 77 L.Ed. 1478. On August 28, 1933, the stay of execution was vacated and on October 17, 1933, the petitioner was committed to the United States Northeastern Penitentiary.

The petitioner contends that, with allowances for good time, he has been confined continuously for a period of five years, from May 17, 1932, and, therefore, has completed his sentence and is entitled to be released. The respondent contends that petitioner, by his own action, stayed the execution of his sentence; that his sentence to a penitentiary did not commence

until his arrival there, and no credit can be given for the time spent at Detention Headquarters, and that, accordingly, his sentence has not been completed.

The question thus presented in whether a defendant who has been sentenced to a penitentiary and who obtains a stay of execution with the result that he is not in a penitentiary a portion of the time is entitled to credit for such portion of time during which he is detained in a place other than a penitentiary.

In Dimmick v. Tompkins, 194 U.S. 540, 24 S.Ct. 780, 781, 48 L.Ed. 1110, the prisoner had been sentenced to the state prison for a period of two years from October 16, 1901. He was imprisoned under said judgment in the state prison from April 13, 1903, but prior to that time in a county jail. It appears that the prisoner had taken an appeal during the intervening period. On petition for a writ of habeas corpus, the Supreme Court of the United States said:

"If the appellant had been at once transported to the state prison under the sentence imposed upon him after his conviction, it is, of course, plain that two years from the time of his sentence (if he remained there in the meantime) would be the extent of his legal detention. In fact, he was not taken to the state prison until April 13, 1903; but he avers that he had been previously, and from October 16, 1901, the date of the judgment, to April 13, 1903, imprisoned under said judgment in the county jail of the county of Alameda, by the order of said district court. * * *

"The imprisonment of the appellant in the county jail could not, therefore, have been under the judgment which prescribes imprisonment in the state prison. But such detention may have been owing to his efforts to obtain a review and reversal of the judgment, and, in the meantime, a supersedeas thereon, so as to prevent his transportation to the state prison, and· in that case such detention should not be counted as any part of the time of imprisonment in the state prison. * * * The time of commencement was postponed by his own action, and he cannot take advantage of it, and thus shorten the term of his imprisonment at hard labor in the state prison."

See, also, U. S. ex rel. Easterday v. Hill (D.C.M.D.Pa.).[1]

In this case, petitioner by his own action obtained stay of execution of the penitentiary sentence and sought a review of the judgment of conviction. Thus while in Detention Headquarters in New York City, he was not complying with the judgment which required detention in a penitentiary. Even assuming, without deciding, that petitioner is entitled to credit from May 17 to June 17, 1932, and from August 28 to October 17, 1933, it is clear that he obtained a stay of execution for the period from June 17, 1932, to August 28, 1933, and is not entitled to credit for that period, and, therefore, is not entitled to release at this time. Whether credit for other periods should be allowed cannot be decided in this proceeding.

It appears from the record that the same question raised by the petitioner was decided adversely to him by the trial court and affirmed on appeal. United States v. Steinberg (C.C.A.) 79 F.(2d) 1017.

And now, April 18, 1936, it is ordered that the petition for a writ of habeas corpus be, and the same hereby is, dismissed, and the writ discharged.