**VERMILLION v. ADERHOLD, Warden.**

**No. 1136 H. C.**

District Court, N. D. Georgia,
Atlanta Division.

Aug. 5, 1936.

Hal Lindsay, of Atlanta, Ga., for petitioner.

Lawrence S. Camp, U.S.Atty., and Harvey H. Tisinger, Asst.U.S.Atty., both of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

The above case came on regularly to be heard, at which hearing evidence was introduced and argument of counsel had.

Petitioner was, on March 3, 1936, after the overruling of his demurrer on that date, put on trial before a jury. A verdict was rendered on March 4th, on certain counts of the indictment and sentence immediately, on the same day, imposed.

Still on the same day, immediately after the imposition of sentence, motion in arrest of judgment and motion for new trial were overruled and an appeal granted.

On March 9th notice of appeal was filed and duplicate notice and docket entries sent to the United States Circuit Court of Appeals in Cincinnati, Ohio.

On March 5th, petitioner was transported from Jackson, Kentucky, where the case was tried, to Winchester, Kentucky, a hundred and twenty-five miles away, because the jail at Jackson was not an approved jail for the confinement of Federal prisoners.

Petitioner was kept in jail at Winchester until March 14th, when, as he contends, without his consent, he was sent to the penitentiary at Atlanta, Georgia, to begin the service of his sentence of five years, although an appeal was then pending and had been pending since March 4, 1936.

Respondent maintains that petitioner consented to his removal to the Atlanta Penitentiary for the service of his sentence. This is stoutly denied by petitioner and the evidence does not bear out the contention of respondent. The affidavit of the United States Marshal of the trial court does not state that petitioner consented to his removal to Atlanta, but merely avers that petitioner did not "make any request whatsoever that he be allowed to stay in Kentucky, except as follows: that he thought he might be kept in jail until he heard from his appeal." The affidavit of the Deputy Marshal, Winton Neale, who transported petitioner to the Atlanta Penitentiary, merely stated that "at no time did John Vermillion protest or object to Winton Neale against his removal from said jail to the penitentiary."

Furthermore, in reply to a letter from the Clerk of the trial court to respondent, enclosing a written form of election to enter upon the service of the sentence pending the appeal, under provisions of Rule 5 of Rules of Practice and Procedure in Criminal Cases, of the Supreme Court, 18 U.S.C.A. following section 688, respondent on March 24, 1936, wrote that he was returning said form unexecuted and stating that "the prisoner states that he did not consent to enter upon the service of the sentence and that he expected to make bond, and objected to being transported to the penitentiary before the action of the Court of Appeals was had. He states that it is his intention to communicate with his attorney by wire, looking to the execution of a bond and that he would prefer being returned to your jail until the bond can be approved."

In reply the Clerk wrote respondent, returning the form with request that another effort be made to get petitioner to sign same, and stated that petitioner "consented *or at the most,* made no objection, to being taken to the penitentiary and entering upon his sentence." Respondent replied on March 28, 1936, by again returning the unexecuted form of election and advising the Clerk that petitioner, "after hearing your letter read to him, still maintains that he did not consent to beginning service of the sentence before his appeal was disposed of and that he did not want to be removed to Atlanta pending the appeal."

It will be seen from the foregoing that there is no substantial evidence that petitioner consented to the entering upon his service pending appeal but that, on the other hand, his positive testimony to the effect that he did not seems to be fully sustained.

In the face of these facts and in clear violation of Rule 5 of the Rules of Practice and Procedure in Criminal Cases, adopted by the Supreme Court (18 U.S.C. A. following section 688), a commitment was issued, after an appeal was entered, and petitioner transported to the Atlanta Penitentiary and required, without his consent, to begin the service of a sentence which had been superseded.

Rule 5 provides that: "An appeal from a judgment of conviction stays the execution of the judgment, unless the defendant pending his appeal shall elect to enter upon the service of his sentence." It is difficult to see, under the facts in this case, how any construction of this rule could justify the imprisonment of petitioner for the service of his sentence.

The Circuit Court of Appeals for the Tenth Circuit has, in the case of Tinkoff v. Zerbst, 10 Cir., 80 F.2d 464, expressly held that commitment and confinement, under such circumstances, was in violation of the prisoner's rights and that he was entitled to removal by writ of habeas corpus.

The Supreme Court, in Hudson v. Parker, 156 U.S. 277, 15 S.Ct. 450, 453, 39 L.Ed. 424, say that: "The statutes of the United States have been framed upon the theory that a person accused of crime shall not, until he has been finally adjudged guilty in the court of last resort, be absolutely compelled to undergo imprisonment or punishment, but may be admitted to bail, not only after arrest and before trial, but after conviction, and pending a writ of error."

The Circuit Court of Appeals for the Fifth Circuit ruled in Bennett v. United States, 5 Cir., 36 F.2d 475, 476, that: "An appeal taken within time, as this one was attempted to be taken, operates as a supersedeas without the necessity of giving bond," and further, that it will not be assumed "in the absence of a showing by the government, that the appeal is frivolous."

I am of opinion that petitioner's present imprisonment in the Atlanta Penitentiary under the judgment, which has been superseded, and the commitment issued thereon, are illegal and void and that petitioner has the right under the law to be confined in a jail in the District of his conviction, subject to the right of said court and of the United States Circuit Court of Appeals for the Sixth Circuit, in their discretion, to grant him bail pending determination of his appeal.

While the petitioner has the right to his immediate discharge from respondent's custody, he has not the right to absolute discharge but he may be lawfully confined in a jail within the District in which he was convicted, so that law and justice require that he be returned to said District for such incarceration during the pendency of his appeal, unless he is legally discharged therefrom, under bond or otherwise, by said Circuit Court of Appeals or District Court.

Now, therefore, it is ordered and adjudged that respondent deliver the custody of petitioner into the hands of the United States Marshal for the Northern District of Georgia, and said Marshal is hereby directed to take said petitioner and deliver him into the custody of the United States Marshal for the Eastern District of Kentucky to be there held by him in custody until determination of petitioner's appeal and subject to the further lawful orders of the said District Court of the United States for the Eastern District of Kentucky and of the Circuit Court of Appeals for the Sixth Judicial Circuit.