Robert McK. Glass, of Sunbury, Pa., for petitioner.

Herman F. Reich, of Sunbury, Pa., for respondent.

### SMITH v. HIATT, Warden, U. S. Penitentiary.

### No. 132.

### District Court, M. D. Pennsylvania.

### Feb. 1, 1943.

WATSON, District Judge.

The petitioner, Leon Richard Smith, was sentenced on May 7, 1937, to serve a total period of seven and one-half years in a penitentiary and to pay a fine of $2,000 on each of three counts with a condition that the fine on two of the counts be remitted provided that the fine on count 1 be paid, and with a further provision that the petitioner stand committed until the fine imposed on count one is paid, or until he is otherwise discharged by due course of law. On May 12, 1937 the petitioner filed a notice of appeal. On June 28, 1937, the petitioner was transported from the Federal House of Detention in New York City to the United States Penitentiary at Lewisburg, Pennsylvania. On June 29, 1937, the petitioner obtained an order from the Circuit Court of Appeals for the Second Circuit directing the United States Marshal to transfer the petitioner from the penitentiary to the Federal House of Detention, and this order was executed on July 1, 1937. On December

20, 1937, the Circuit Court of Appeals for the Second Circuit (United States v. Smith, 93 F.2d 1019), affirmed the judgment of the District Court and, on March 14, 1938, the petitioner's application for a writ of certiorari was denied by the Supreme Court of the United States. 303 U.S. 652, 58 S.Ct. 750, 82 L.Ed. 1112. On May 21, 1938, the order of the Supreme Court of the United States and the mandate of the Circuit Court of Appeals for the Second Circuit were made the judgment and order of the District Court and, on May 24, 1938, the petitioner was transported to the United States Penitentiary at Lewisburg, Pennsylvania, and is now confined there pursuant to that judgment.

November 10, 1942, the petitioner filed his petition for a writ of habeas corpus. A response was filed thereto on November 30, 1942, and hearing was had pursuant to the petition and response. At the hearing no evidence was offered by either party, and the case was submitted upon the petition and response and the exhibits which were a part thereof.

It is admitted that the petitioner has not paid the fine imposed on count 1 of the indictment, and has not taken the required oath before a United States Commissioner. Consequently, the petitioner is not at this time entitled to release. Hogan v. Hill, D.C., 9 F.Supp. 333. However, this objection is clearly technical and is not pressed by the respondent except as a matter going to the final order in this case. In view of the fact that the petitioner will undoubtedly be given an opportunity to take the required oath if he is otherwise entitled to be released, I shall consider the case on the merits of the petition.

It is admitted that if the petitioner is given credit for all the time he has been imprisoned since the imposition of sentence, and with credit for good time, he is now entitled to be released except for the matter of the committed fine. The imprisonment of the petitioner may be considered in four parts: the time from May 7, 1937, the date of sentence, to June 29, 1937; the date of the order of the Circuit Court of Appeals; the time from June 29, 1937 to March 14, 1938, the date of the denial of certiorari; the time from March 14, 1938 to May 21, 1938, the date of the order of the District Court entered in accordance with the order of the Supreme Court of the United States and the mandate of the Circuit Court of Appeals; and the time from May 21, 1938 to November 10, 1942, the date of the filing of the petition here under consideration. As, in my opinion, the petitioner is not entitled to credit for the period from June 29, 1937 to March 14, 1938, this discussion will be confined to that period alone, as the petitioner is not entitled to be released unless he receives credit for such period.

The order of the Circuit Court of Appeals entered June 29, 1937 recites that it was made pursuant to an application of the petitioner for an order directing the marshal to transfer him from the penitentiary to the Federal House of Detention in New York City "pending the determination of the appeal taken herein by defendant-appellant from the judgment of conviction entered against him on the 7th day of May, 1937 * * *", and the order directed the United States Marshal to transfer the petitioner from the penitentiary to the Federal House of Detention in New York City "until the determination by this Court of the appeal heretofore taken by him from the judgment of conviction entered against him on the 7th day of May, 1937, or until the election prior thereto of the defendant-appellant, Leon Richard Smith, to be remanded to the United States Penitentiary at Lewisburg, Pennsylvania, without costs, forthwith". The respondent contends that this order stayed the execution of the sentence and the petitioner cannot be given credit for the time served in prison while this order was in effect.

The right of the courts to require security for the compliance by a defendant with the judgment of the court, after sentence and pending appeal, either through the posting of a bond or imprisonment of the defendant, is long established and undisputed. The exhibits filed herein do not reveal any application by the petitioner for an order fixing bail pending appeal. Hence, the fact alone that the defendant was imprisoned pending the appeal casts little if any light upon the question here presented.

The petitioner contends that when he permitted the marshal to transport him to the penitentiary after filing notice of appeal, he did "elect" to enter upon the service of his sentence within the mean-

ing of Rule 5 of the Rules of Practice and Procedure in criminal cases after plea of guilty and after verdict of guilt. 18 U.S.C.A. following section 688; 292 U.S. 663. Rule 5 provides in part that "An appeal from a judgment of conviction stays the execution of the judgment, unless the defendant pending his appeal shall elect to enter upon the service of his sentence." Although such acquiescence on the part of the petitioner without more might be sufficient to constitute an election, the record reveals that the day following this transportation the petitioner secured an order from the Circuit Court of Appeals directing his return to the Federal House of Detention in New York City. The petitioner states that this order was secured in order to enable him to assist his counsel in the prosecution of the appeal, and was requested only for the purpose of causing his sentence to be served in an institution other than the one in which he was confined but without interrupting the service of the sentence.

In support of this argument the petitioner places great emphasis on the use of the word "remanded" by the Circuit Court of Appeals in that portion of the order quoted above. The petitioner contends that the use of the word clearly indicates that the Circuit Court of Appeals did not intend to interrupt the service of the sentence but intended only to cause the defendant to continue the service of the sentence in another institution. The respondent places equal stress on the use of the word "election" in the same portion of the order and argues that the Circuit Court of Appeals intended to grant a supersedeas but, in accordance with Rule 5, desired to afford the petitioner an opportunity to elect to enter upon the service of his sentence if he later desired to do so. In this connection, it should be noted that the petitioner had already been confined in a particular penitentiary, and the Circuit Court of Appeals might well have felt justified in directing his return to that institution if he desired to enter upon the service of his sentence rather than to require that another designation of a penitentiary be secured. However, there are more compelling reasons for rejecting the argument of the petitioner.

The application to the Circuit Court of Appeals, as recited therein, and the order entered are directed to the transfer of the petitioner to the Federal House of Detention in the City of New York "pending the determination of the appeal." That language is appropriately and customarily employed in applications for supersedeas. There is nothing in the application as recited in the order of the Circuit Court of Appeals, or in the order itself, which indicates that the relief granted the petitioner was either sought or granted for the purpose of enabling the petitioner to assist counsel, or for any purpose other than to give to the petitioner a supersedeas unless and until he elected to enter upon the service of the sentence imposed as is provided in Rule 5. Furthermore, the Federal House of Detention is not a penitentiary type institution and, if the order of the Circuit Court of Appeals be construed as petitioner contends it should be, it would in effect be a modification of the sentence imposed by the District Court which directed confinement in a penitentiary type institution. While it is not intended to discuss here the authority of a Circuit Court of Appeals to so modify the judgment of a district court, it is highly improbable that such a modification would be made prior to argument on appeal and without any explanation or recital clearly indicating such intention and the reasons therefor. Consequently, it is my conclusion that the Circuit Court of Appeals considered the petitioner's application as one for a supersedeas and granted him relief of that nature.

This case is not unlike the cases of Demarois v. Hudspeth, 10 Cir., 99 F.2d 274 and United States ex rel. Steinberg v. Cummings, D.C., 14 F.Supp. 647, affirmed 3 Cir., 85 F.2d 1022, wherein it was held that, inasmuch as the petitioners had at their own requests not been confined in accordance with the judgment of the trial courts, the petitioners are not deemed to have entered upon the service of their sentences so long as they are not confined awaiting transportation to the type of institution designated.

Now, it is ordered that the petition for a writ of habeas corpus be, and it is hereby, dismissed.