**TILGHMAN v. Walter A. HUNTER, Warden.**

**No. 3667.**

Circuit Court of Appeals, Tenth Circuit.

June 21, 1948.

VAUGHT, District Judge.

W. W. Tilghman, the appellant, appeals from a ruling of the District Court of Kansas denying his petition for a writ of habeas corpus to release him from the custody of the warden of the United States Penitentiary at Leavenworth, Kansas.

The record discloses that the petitioner was convicted and sentenced in the Northern District of Texas on May 12, 1944. He appealed from the judgment and sentence, and on May 27, 1944, the trial court denied bail pending appeal. The petitioner testified that on that date the following proceedings were held in the trial court: "Q. Will you relate what happened, to the Court?—A. My attorney, when bail was denied, my attorney pointed out to the judge that I would be in jail a long time pending appeal and they discussed the matter back and forth possibly a minute or two and finally the judge said, 'No, I will not grant him bail, but I will allow him credit

for his time in jail.' That ended the matter there."

The petitioner remained in jail from May 12, 1944 until March 5, 1945. The mandate in his appeal was received by the trial court February 8, 1945, and petitioner was delivered to the penitentiary March 5, 1945. Petitioner was given fifteen days credit for time spent in jail prior to the filing of his appeal, and in addition, the time from February 8, 1945 to March 5, 1945. He contends that he should be given credit for 256 days spent in jail pending the outcome of his appeal.

The Rules of Criminal Procedure, which were in effect at the time of the judgment and sentence, provided: "V. Supersedeas. An appeal from a judgment of conviction stays the execution of the judgment, unless the defendant pending his appeal shall elect to enter upon the service of his sentence." 292 U.S. 663.

The new Rules of Criminal Procedure, 18 U.S.C.A. following section 687, went into effect March 21, 1946, and so far as pertinent here, provide: "Rule 38: (a) Stay of Execution. * * * (2) Imprisonment. A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail."

It is conceded the petitioner made no formal election to enter upon the service of his sentence, as was required under Section V, supra, which was in effect at the time of his conviction and sentence. But he contends that, in view of the court denying bail and the alleged remarks of the court at the time, it was unnecessary to file such an election. The judgment and commitment of the trial court contains no such remarks by the trial court that petitioner contends were made, but contains the following: "Ordered and adjudged that the defendant, having been found guilty of said offenses, is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for the period of Five (5) years and that said defendant be imprisoned until said defendant is otherwise discharged as provided by law."

We hold that we would not be authorized or justified in giving effect to any such remarks the petitioner contends were made during the trial, that are not contained in the judgment and commitment. The petitioner, not having filed his election to enter upon the service of his sentence, would not be entitled to credit for the 256 days spent in jail pending the outcome of his appeal under the statute in effect at the time of the proceeding.

Petitioner contends that Rule 38, supra, is retroactive and he should be given the benefit of that statute. In passing upon this phase of the argument, Judge Murrah, sitting as a district judge in the District of Kansas, said:

"The Court finds from the evidence that the petitioner did not so elect and therefore did not commence the service of his sentence during the pendency of the appeal. Rule 38, which became effective after the imposition of the sentence and the commencement of the appeal, provided that contrary to the former rule, provided that the sentence would commence—the—that the defendant would commence the execution of the sentence unless he elected not to do so. The only question therefore in the case is whether or not retroactive effect can be given to Rule 38.

"The Court concludes it cannot. The writ is therefore denied."

We are in accord with this ruling.

The petitioner's contention appeals strongly to the sympathy of this court. However, his remedy is by proper application to the District Court of the Northern District of Texas, which court has the power to correct the judgment and sentence if it was its intention at the time of sentence to give credit for time spent in jail.

The judgment is affirmed.