**NORRIS v. UNITED STATES.**

**No. 13618.**

United States Court of Appeals
Fifth Circuit.

June 25, 1951.

Thomas Nathan Norris, in pro. per.

Brian S. Odem, U. S. Atty., Kay M. Nolen, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and SIBLEY and STRUM, Circuit Judges.

STRUM, Circuit Judge.

Upon his conviction of robbery under 18 U.S.C.A. § 99, now 18 U.S.C.A. § 2112, appellant on June 6, 1945, was sentenced to serve ten years in a prison to be designated by the Attorney General. The conviction was affirmed by this court, 152 F.2d 808, and on June 4, 1946, the trial court ordered that the mandate of this court 'be "received and filed and former judgment of the (trial) court carried out."

In June, 1946, appellant was committed to a federal penitentiary where he still remains. By petition dated April 11, 1951, addressed to the trial court pursuant to 28 U.S.C.A. § 2255, appellant sought, but was denied, a "correction" of the sentence so as to give him credit for the time he spent in jail from June 8, 1945 to June 4, 1946, awaiting the outcome of his appeal.

Former Criminal Rule V, 292 U.S. 661, 54 S.Ct. XXXVII, 78 L.Ed. 1512, in effect at the time of the sentence and when the appeal was taken, provided that "An appeal from a judgment of conviction stays the execution of the judgment, unless the defendant pending his appeal shall elect to enter upon the service of his sentence." Appellant made no election either to commence serving his sentence, or not to do so, but simply remained silent.

The new rules of Criminal Procedure, 18 U.S.C.A., became effective March 21, 1946, while the appeal was pending. New Rule 38(a) (2) provides that "A sentence of imprisonment shall be stayed if an appeal is taken *and* the defendant elects not to commence service of the sentence or is admitted to bail." (Italics supplied.)

The difference is that under former Rule V the sentence is stayed by appeal unless the defendant affirmatively elects to start it running. Under new Rule 38 the sentence starts to run unless the defendant elects to stop it. To stay the sentence under new Rule 38, there must be both an appeal and an election by the defendant not to commence service of his sentence. Otherwise, the sentence automatically begins to run. The rule was thus changed because former Rule V sometimes worked a hardship upon defendants who remained in custody for substantial periods pending an appeal, but received no credit on their sentence because, ignorant of the rule, they had not made the necessary election to start their sentence running. The new rule was designed to correct that situation.

Under former Rule V, appellant not having affirmatively elected to commence his sentence, would clearly not be entitled to credit for the time spent in jail. Tilghman v. Hunter, 10 Cir., 168 F.2d 946; Demarois v. Hudspeth, 10 Cir., 99 F.2d

274; U. S. ex rel Steinberg v. Cummings, D.C., 14 F.Supp. 647, affirmed 3 Cir., 85 F.2d 1022; Smith v. Hiatt, D.C., 48 F.Supp. 747; all decided under former Rule. V. Cf. Dimmick v. Tompkins, 194 U.S. 540, 24 S.Ct. 780, 48 L.Ed. 1110.

In no event could appellant claim credit for any time served prior to March 21, 1946, the effective date of the new rules. They are not retroactive. Tilghman v. Hunter, supra; compare Hiatt v. Hilliard 5 Cir., 180 F.2d 453, although under Rule 59 they may be applied "so far as just and practicable" to proceedings pending when the rules took effect.

Assuming, without deciding, that appellant's sentence automatically began to run on March 21, 1946, when new Criminal Rule 38 became effective, that fact would not require the trial court to go back and modify a judgment rendered more than nine months previously, so as to give appellant credit for the period between March 21, 1946, when the new rules became effective, and June 4, 1946 when the mandate of affirmance was made effective and appellant commenced serving his sentence. That would be a matter to be considered in computing the expiration date of the sentence imposed upon defendant.[1] The trial court did not, as appellant contends, "re-sentence" him on June 4, 1946. The court simply ordered that the sentence of June 6, 1945 be "carried out."

Appellant is not thus subjected to any harsh results. He could have secured credit for the time he spent in jail while the appeal was pending by simply electing to commence serving his sentence under former Rule V, which would not have prejudiced his appeal. Since he could not secure bail pending his appeal, he was obliged to remain in custody of some sort. The choice was his own. He was repre-

sented by counsel, so it is not a case of hardship due to ignorance.

There was no error in declining to "correct" the sentence. It is a valid sentence, free from infirmity, so there is nothing to correct.

Affirmed.

1. In Tilghman v. Hunter, 10 Cir., 168 F. 2d 946, a defendant who found himself in the same predicament as this appellant, was referred to the court where he was tried as the sole source of relief. That was under former Rule V which provided that an appeal stayed the execution of judgment, unless the defend-

ant elected to enter upon the service of his sentence. Having failed to so elect, that defendant's only recourse was an appeal to the discretionary leniency of the trial judge. The effect of the present rule is different, as explained in the above opinion.