**Jay Paul SHELTON, Appellant,**

v.

**UNITED STATES of America and F. T. Wilkinson, Warden, United States Penitentiary, Atlanta, Georgia, Appellees.**

**No. 15990.**

United States Court of Appeals
Fifth Circuit.

June 5, 1956.

J. Paul Shelton, in pro. per.

James W. Dorsey, U. S. Atty., Charles D. Read, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

PER CURIAM.

In the proceedings from which this appeal comes, the appellant, by petition for declaratory judgment and for habeas corpus, sought an order requiring the warden to give him credit on his four year sentence, and thus to advance his release time. The credit sought was for approximately nine months spent in jail, from October 22, 1952, when, under Rule 38(a, 2)[1] Fed.Rules Crim.Proc., he gave notice of appeal and filed an election[2] not to serve sentence pending appeal, to July 20, 1953, when, having been removed on July 7th to Atlanta and his sentence having been affirmed in this court, he filed in the sentencing court an election to serve sentence.

His claims were: (1) that to be effective the election not to serve must have been, but was not, filed in accordance with the rule, in that it was not made when, but nearly ninety days after, the sentence commenced to run; (2) that the election was conditioned, for the reasons given by him, on his being allowed to remain in New Orleans; and (3) that that condition was breached by taking him to Atlanta against his will and over his protest two or three days before his judgment on appeal was affirmed.

The district judge rejected these claims, and denied his prayers for relief, and he has appealed, urging vigorously upon us that the district judge erred.

We cannot agree. It is quite plain, we think, under the undisputed facts, that his contentions are wholly unmeritorious. After his motion for new trial was denied, he gave notice of

---

1. "A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail." 18 U.S.C.A.

2. This provided in pertinent part: "Effective as of the date of filing this election, the defendant hereby elects not to serve the sentence imposed in the above numbered and entitled cause pending appeal."

**134**

appeal and then elected not to serve his sentence. Having thus voluntarily elected not to serve, service of his sentence automatically ceased, Norris v. U. S., 5 Cir., 190 F.2d 186; U. S. v. Walker, D.C., 17 F.R.D. 5; and he may not now complain of the results of his voluntary action. Holdsworth v. United States, 1 Cir., 179 F.2d 933.

His claim that, by being carried to Atlanta three days before the judgment in his case was affirmed, the condition of his election was violated to his injury and the election nullified ab initio, is on its face frivolous. Though he could have started the running of his sentence at any time by filing an election to serve his sentence, he waited until July 20th to do so. For the loss of credit time he and he alone is to blame.

The judgment was right. It is affirmed.