**William EVANS, Petitioner,**

v.

**Paul J. MADIGAN, Warden United States Penitentiary, Respondent.**

No. 36617.

United States District Court
N. D. California, S. D.

July 30, 1957.

Arthur D. Klang, San Francisco, Cal., for petitioner William Evans.

Lloyd H. Burke, U. S. Atty., and Robert H. Schnacke, Asst. U. S. Atty., San Francisco, Cal., for respondent Paul J. Madigan.

GOODMAN, District Judge.

Evans' petition for the writ of habeas corpus raises the question whether the Attorney General has the power to confine a defendant, convicted and sentenced to a long term of imprisonment, in the United States Penitentiary at Alcatraz, even though the defendant has appealed his conviction and has elected not to commence the service of his sentence, pursuant to Rule 38 of the Rules of Criminal Procedure, 18 U.S.C.

Petitioner contends that the Attorney General has no such power or authority. The Warden at Alcatraz, the respondent herein, contends that, notwithstanding Rule 38, the Attorney General may safekeep the petitioner, pending his appeal, in any place in the District, including Alcatraz Penitentiary which is but a few miles from the Courthouse of this District.

The record before us upon the hearing of the petition is as follows:

Petitioner William Evans was convicted in this Court of certain violations of the Federal Narcotics Laws (21 U.S.C. A. § 174, 26 U.S.C. §§ 4704, 4744, 7237) and was on June 20, 1957, "committed to the custody of the Attorney General or his authorized representative for imprisonment" for a total period of 50 years. On the same day, the United States Marshal of this District, upon the direction of the Attorney General, delivered the petitioner to the respondent for confinement in Alcatraz Penitentiary, a designated penitentiary of the United States. Petitioner has ever since been in the custody of the respondent in the United States Penitentiary at Alcatraz.

Thereafter, and on June 21, 1957, petitioner filed a notice of Appeal from the judgment of this court to the Court of Appeals of the Ninth Circuit and on the 12th day of July gave notice in writing of his election not to commence the service of his sentence. Rule 38, F.R.C.P.

On the same day, i. e. July 12, 1957, the United States Marshal delivered the following letter to respondent:

"San Francisco 1–July 12, 1957
"Mr. P. J. Madigan
Warden
United States Penitentiary
Alcatraz, California.

"Re; William Evans, No. 1287–AZ–Case #35551
Northern California–FBI #1–578–134

"Dear Mr. Madigan:

"William Evans, who was delivered to you on June 20, 1957, to commence service of a term of 50 years for violation of narcotics laws, has today filed with the District Court here an election not to commence service of his sentence pending his appeal.

"Accordingly, Evans' sentence of imprisonment is automatically stayed, and you are no longer to hold him as committed and imprisoned.

"I am satisfied, however, from information received concerning the nature and character of Evans and his associates, from the nature of his offense, and the term of imprisonment to which he has been sentenced, that, for his own safety, and the safety of the community, he must be confined in a place of maximum security during the pendency of his appeal.

"I therefore have designated Alcatraz Prison as his place of confinement pending appeal, because there are no other safe and adequate facilities for such confinement within this district.

"In holding Evans pending his appeal, he must be permitted freely to consult and correspond with his attorney, Arthur Klang, Esq., of San Francisco. His attorney shall be permitted to visit him as often as the attorney shall deem necessary at any time between 8:00 o'clock A.M. and 4:00 o'clock P.M. The attorney shall be afforded transportation between San Francisco and Alcatraz on any regular sailing of the prison launch, upon written or telephonic notice to the office of the Warden at least 3 hours prior to such sailing.

"Evans shall be permitted to consult with his attorney in a place where conversation between them cannot be overheard but, of course, Evans may at all times be kept under the observation of a guard.

"Evans shall be given no work assignments, except at his own request and shall be permitted the same privilege of receiving visitors, and of sending or receiving mail as the other inmates of the prison.

"Sincerely yours,
Frank O. Bell,
United States Marshal
By—John A. Roseen,
Chief Deputy."

Aside from the statement contained in the foregoing letter, no evidence was presented by respondent in support of the statement that "there are no other safe and adequate facilities for such confinement within this district."

The authority of the Attorney General to confine persons convicted of federal offenses, and committed by federal courts therefor, is to be found in 18 U.S.C. § 4082, which provides:

"Persons convicted of an offense against the United States shall be committed for such terms of imprisonment as the court may direct to the custody of the Attorney General of the United States or his authorized representative, who shall designate the place of confinement where the sentences shall be served."

This section further authorizes the Attorney General to designate any suitable institution, whether maintained by the federal government or otherwise and whether within or without the jurisdiction in which the person was convicted

and he may order any inmate transferred from one institution to another.

The custody of a person arrested or otherwise held pursuant to federal statute is governed by 18 U.S.C. § 4086, which provides as follows:

"United States marshals shall provide for the safe-keeping of any person arrested or held under authority of any enactment of Congress pending commitment to an institution."

■ Obviously, on June 20, 1957, the Attorney General had technical authority, pursuant to 18 U.S.C. § 4082, to confine petitioner in Alcatraz for *service of his sentence*, since he had that day been sentenced and committed by the Court. Norris v. U. S., 5 Cir., 1951, 190 F.2d 186.

It is likewise obvious that petitioner had not yet had an opportunity to file an appeal, if he so desired, or to make his election, if he so determined, not to commence service of his sentence.

This latter right is granted by Rule 38 of the Federal Rules of Criminal Procedure, which provides in pertinent part as follows:

"A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail." Rule 38(a) (2).[1]

■ When the petitioner did file his appeal and his election *not to commence service of his sentence* the Attorney General did not have power to "designate the (institution) where the sentence shall be served" because the sentence automatically was stayed under the provisions of Rule 38.

Such being the case, the question remains whether the Attorney General may designate an "institution" where sentences are served, i. e. a United States or state penitentiary (18 U.S.C. § 4082) as a place of confinement pending appeal, when § 38 has been invoked.

It would appear that such authority, if it does exist, must flow from § 4086. But that section would seem to provide only for safekeeping by United States marshals of persons held "pending commitment to an institution."

There is left then the question whether the United States Marshal, as representative of the Attorney General, can confine a defendant in a federal penitentiary (institution) for safe-keeping, "pending commitment to an institution."

■ Respondent has cited Petition of Wilfong, D.C.E.D.Mich.1947, 6 F.R.D. 564, where, Rule 38 having been invoked, the Court held proper the action of the marshal in confining a defendant in a "correctional institution" upon a showing that other adequate facilities were not available in the District. But no such showing was made in this case.[2]

There are no reported decisions squarely holding that a defendant whose sentence has been stayed by an appeal and election filed pursuant to Rule 38 cannot be confined for safe-keeping in a penitentiary. But there is support for this view in cases arising under old Rule 5 of the Rules of Practice and Procedure in criminal cases. See Vermillion v. Aderhold, Warden, D.C.N.D.Ga.1936, 4 F.R. D. 331; Tinhoff v. Zerbst, 10 Cir., 1935, 80 F.2d 464 and cases there cited; Smith v. Hiatt, D.C.M.D.Pa.1943, 48 F.Supp. 747.

■ In the opinion of the Court, Rule 38 and the statutory provisions referred to regarding the custody of persons held under federal authority preclude the confinement of defendants whose sentences have been stayed in a federal prison maintained for the purpose of confining

---

1. Rule 5 of the former Rules of Practice and Procedure in criminal cases contained substantially similar provisions.

2. In fact the court has judicial knowledge that the marshal has contracts with several state jails within the District for the safekeeping of federal prisoners. And under these contracts the marshal has the right and power to fix and govern the terms and conditions of confinement.

felons serving sentences. Since Alcatraz Penitentiary is a Federal prison maintained and designated by the Attorney General for the service of sentences under Court commitments, pursuant to § 4082, the petitioner having invoked Rule 38, cannot be committed there. At any rate not without a showing such as was made in Wilfong. But this is not before us and need not be decided.

Since the Court can dispose of this petition "as law and justice require," (28 U.S.C. § 2243,) an appropriate disposition would be to order respondent to deliver custody of petitioner to the marshal of this district to be confined as provided in 18 U.S.C. § 4086.

So ordered.