**Dominic ALLOCCO, Appellant,**

v.

**David M. HERITAGE, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.**

**No. 19626.**

United States Court of Appeals Fifth Circuit.

Nov. 28, 1962.

Dominic Allocco, pro se.

Charles S. Goodson, U. S. Atty., Burton Brown, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and JOHNSON, District Judge.

PER CURIAM.

On October 31, 1955, Dominic Allocco was sentenced by the United States District Court for the Southern Division of New York to the custody of the Attorney General of the United States to serve ten years. The conviction for which the sentence was imposed was appealed, and on November 9, 1955, Allocco signed an election not to commence the service of sentence.[1] The judgment of conviction was affirmed on August 6, 1956. The intervening time of 270 days was spent by Allocco in custody.

On January 25, 1962, Allocco, while incarcerated in the federal penitentiary in Atlanta, filed his petition for writ of habeas corpus in the United States District Court for the Northern District of Georgia, seeking an order requiring the Warden to give him credit on his sentence for the time spent in custody pending his appeal. The petition was denied by the District Court on January 30, 1962. It is from this denial that petitioner now appeals to this Court.

The sole question presented here is whether or not appellant is entitled to credit for the time served from November 9, 1955, to the time of the affirmance of his conviction; there is no question but that he has not been credited with the time.

This precise question was dealt with by this Court in Shelton v. United States,

1. Rule 38(a) (2), Federal Rules of Criminal Procedure, provides: "A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence * * *."

234 F.2d 132 (5th Cir., 1956). In that case we held:

"* * * After his motion for new trial was denied, he gave notice of appeal and then elected not to serve his sentence. Having thus voluntarily elected not to serve, service of his sentence automatically ceased, Norris v. United States, 5 Cir., 190 F.2d 186; United States v. Walker, D.C., 17 F.R.D. 5; and he may not now complain of the results of his voluntary action. Holdsworth v. United States, 1 Cir., 179 F.2d 933."

The denial of the petition by the District Court was right. It is

Affirmed.

Kalodner, Staley and Hastie, Circuit Judges, dissented.