UNITED STATES of America ex rel.
John ORMENTO, Petitioner,

v.

The WARDEN, UNITED STATES PENITENTIARY, LEAVENWORTH, KANSAS, Respondent.

No. 3405 H. C.

United States District Court
D. Kansas.

Jan. 30, 1963.

Homer Davis, Leavenworth, Kan., and Robert J. Krieger, New York City, for petitioner.

Newell A. George, U. S. Atty., and Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan., for respondent.

ARTHUR J. STANLEY, Jr., Chief Judge.

This is a proceeding in habeas corpus. The petitioner raises the question as to the power of the Attorney General, acting through the Bureau of Prisons, to confine him in the United States Penitentiary at Leavenworth before an appeal from a judgment of conviction has been determined and when, pursuant to Rule 38, Federal Rules of Criminal Procedure, he has elected not to commence the service of his sentence.

At the hearing it was stipulated that the petitioner, after a protracted trial, was convicted of conspiracy to violate statutes having to do with narcotics; that on July 10, 1962, he was sentenced in the Southern District of New York to imprisonment for a term of forty years and was fined; that on July 17, 1962, notice of appeal to the Court of Appeals of the Second Circuit was filed; that on September 12, 1962, the petitioner executed an election not to commence service of his sentence; that the petitioner was not admitted to bail; and that the appellant's brief has been filed in the Court of Appeals.

The respondent maintains that the petitioner is legally detained by virtue of the commitment of the Southern District of New York issued July 10, 1962, and alleges that the petitioner "was committed to the federal institution on October 10, 1962, on a temporary basis pending the outcome of appeals in which he was sentenced on June 26, 1962 and July 10, 1962." (The June 26 sentence was for a period of sixty days for contempt of court and is not material here.)

The petitioner contends that his detention by the respondent is unlawful in that: (1) he was removed from the Southern District of New York without his consent; (2) the Attorney General is not at this stage of the case empowered to confine the petitioner in a federal penitentiary or in an institution outside the territorial limits of the Second Circuit; and (3) that the petitioner is, by his confinement at a point so distant from New York, denied effective assistance of counsel.

■ By the terms of 18 U.S.C.A. § 4042, the Bureau of Prisons, under the direction of the Attorney General, is given charge of the management and regulation of all federal penal and correctional institutions and is assigned the duty of providing for the safekeeping of "all persons charged with or convicted of offenses against the United States * *." Except in the cases of prisoners sentenced to terms of one year or less (18 U.S.C.A. § 4083), I know of no statute or rule requiring the consent of a prisoner to a transfer from one federal institution to another. Specific authority to transfer convicted prisoners is conferred on the Attorney General by the provisions of 18 U.S.C.A. § 4082. United States Marshals are required to provide for the safekeeping of persons not yet committed to an institution. 18 U.S.C.A. § 4086.

■ When the petitioner appealed and elected pursuant to Rule 38 not to commence service of his sentence, the sentence was stayed. Not having been admitted to bail, "it was his right to be only deprived of his liberty by the United States Marshal until such final judgment, usually by detention in jail." Tinkoff v. Zerbst, 80 F.2d 464 (10th Cir.1935).

It has been held that a prisoner whose sentence has been stayed by appeal and election has a right to be held in a jail in the district of his conviction (Vermillion v. Aderhold, 4 F.R.D. 331 (N.D.Ga. 1936)), and that he may not be confined

in a federal penitentiary even within the district of conviction. Evans v. Madigan, 154 F.Supp. 913 (N.D.Cal.1957). I do not find it necessary to go so far as do the courts which decided the Vermillion and Evans cases, since I base my ruling solely on the third point raised by the petitioner. I do not hold that Ormento, when returned to the Southern District of New York, may not for sufficient reasons be held by the United States Marshal of that District in a penitentiary or in a place of confinement outside the territorial limits of the Southern District of New York or of the Second Circuit.

■ The petitioner's third contention is that his confinement at a place some fifteen hundred miles from New York operates to deny him the assistance of counsel in violation of the Sixth Amendment to the Constitution of the United States. He was represented at his trials (consuming respectively six months and three months) by New York attorneys who continue as his counsel on appeal. The respondent urges that since the petitioner's brief in the appellate court already has been filed there is no great need for consultation with his attorneys, and that in any event distances are no longer a factor in this age of jet plane travel. Counsel for the petitioner assert that while the petitioner's brief has been filed the government's brief has not, and that a reply brief may be necessary. Be that as it may, the appeal is still pending and the petitioner is entitled to "the guiding hand of counsel at every step in the proceedings against him." Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

■ I judicially note that the regulations of the Bureau of Prisons require censorship of all mail to and from inmates of the United States Penitentiary at Leavenworth. No exception is allowed for communications between attorneys and their clients. "Assistance of counsel" means effective assistance of counsel.

Interference with the confidential relationship between an attorney and his client makes the assistance of the attorney ineffective. In this case, opportunity for personal consultation has been removed, or at least seriously hampered, by the transfer of the petitioner from New York to Leavenworth. Pending disposition of his appeal, the petitioner should be held at such a place as will not interfere unreasonably with his right to confer with his attorneys.

The respondent argues that the transfer of the petitioner was made necessary because of the inadequacy of the place of detention in the Southern District of New York, described as "merely a converted garage." I refuse to believe that there does not exist in the city of New York or in its vicinity some place where the petitioner can be securely held pending the outcome of his appeal. If the federal government has provided no such place, the Attorney General is authorized by 18 U.S.C.A. § 4002 to contract with any state or the political subdivision of any state for the safekeeping of the petitioner.

■ I hold that the detention of the petitioner by the respondent is unlawful and in violation of the petitioner's right to assistance of counsel guaranteed by the Sixth Amendment. While the petitioner has the right to his immediate discharge from respondent's custody, he does not have the right to absolute discharge, and law and justice require that he be returned to the custody of the United States Marshal for the Southern District of New York.

It is, therefore, by the court ordered that the respondent deliver the petitioner to the United States Marshal for the District of Kansas, who is hereby directed to take the petitioner and deliver him into the custody of the United States Marshal for the Southern District of New York for safekeeping in accordance with 18 U.S.C.A. § 4086.