Gregory **COMULADA**, Appellant,

v.

**J. T. WILLINGHAM**, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 8254.

United States Court of Appeals
Tenth Circuit.

Oct. 27, 1965.

William R. Koger, Denver, Colo., for appellant.

James R. Ward, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

The appellant filed a petition asking for a writ of habeas corpus and for other relief, asserting that he was entitled to have credited a certain number of days on his sentence at the United States Penitentiary at Leavenworth, Kansas, which had not been done. This he asserts was required in order to take into consideration the period of time he spent in confinement while perfecting and awaiting disposition of his appeal from a conviction on a narcotics charge. The trial court treated the petition as one for mandamus, but denied relief.

Petitioner was fined and sentenced to imprisonment in the Southern District of New York. He filed a notice of appeal and thereafter, on November 28, 1962, being unable to make bail, he signed an Election Not to Serve pursuant to Rule 38(a) (2), Fed.R.Crim.P. This action was necessary on the part of appellant in order to stay execution of the sentence under the rule. Shelton v. United States, 234 F.2d 132 (5th Cir.); Allocco v. Heritage, 310 F.2d 719 (5th Cir.). His detention then continued in New York until early in December when through some mistake he was transferred to the penitentiary at Leavenworth. Thereafter he applied to the United States District Court for the District of Kansas for a writ of habeas corpus in order that he could return to New York where he could more readily assist his attorney in perfecting his appeal. The court ordered that petitioner be returned to New York for such purpose, and

thus to carry out the Election Not to Serve. Upon his return to New York he resumed his detention at the Federal Detention Headquarters until his appeal was denied. He was then transported once again to Leavenworth where he is now confined.

Petitioner urges that he is entitled to credit for the entire period from his sentencing until his second admission to Leavenworth because the Election Not to Serve was a contract which was broken and voided by the United States when he was erroneously transferred to Leavenworth the first time.

■■ The trial court held that the Election Not to Serve was not so voided, and we agree. The transfer to Leavenworth was contrary to the Election Not to Serve, but did no more than interrupt his presence in New York, and this was corrected by the United States District Court in Kansas. Appellant thereupon resumed his detention in New York which continued as before until his final transfer to Leavenworth. The election signed by appellant is only evidence of his choice to remain in New York under Rule 38, Fed.R.Crim.P., and is not contractual. The erroneous transfer (United States ex rel. Ormento v. Warden, D.C., 216 F.Supp. 609; Comulada v. Warden, No. 3430 H.C., D.Kan., March 26, 1963; Evans v. Madigan, D.C., 154 F.Supp. 913) had no permanent effect on it as appellant contends. Shelton v. United States, 234 F.2d 132 (5th Cir.).

■ However, appellant's first transfer to Leavenworth resulted in his being received in the prison for service of sentence, or at least when he started on such move there the first time, it may be said he was then under detention awaiting transportation pursuant to 18 U.S.C.A. § 3568. This service of sentence continued until his arrival back in New York pursuant to the District Court's order to again go into custody pursuant to the Election Not to Serve. This period of interruption of his election must be considered as service of his sentence and credit be given for it.

The case is remanded to the trial court for a determination of the length of this period of time, including the day of departure from New York to Leavenworth the first time and the day of arrival back in New York from Leavenworth; and for declaratory relief and the entry of such order as the trial court considers appropriate for the correction of appellant's prison records.