**Joel Franklin LEVINE, Petitioner,**

**v.**

**J. T. WILLINGHAM, Warden, Respondent.**

**No. 4136.**

United States District Court
D. Kansas.

Dec. 2, 1966.

Ben Franklin, Asst. U. S. Atty., Topeka, Kan., for defendants.

Joel Franklin Levine, pro se.

## ORDER DISMISSING ACTION AND PETITION

TEMPLAR, District Judge.

On November 11, 1966 petitioner filed with this Court a petition for a writ of habeas corpus. On November 14, 1966 the Court by its order directed that a rule to show cause be issued returnable within ten days. Return and answer have been filed by the respondent, and petitioner did on November 30, 1966 file a reply or traverse to the answer.

Briefly stated, this action is brought by petitioner to require his removal from the United States Penitentiary at Leavenworth, Kansas back to the jurisdiction of the Northern District of Illinois, the Court which entered his judgment of sentence and commitment because, as he contends, an appeal is pending in the Court of Appeals, Seventh Circuit, from his conviction in the Illinois Court, and that under the rule announced in United States ex rel. Ormento v. Warden of U. S. Penitentiary, 216 F.Supp. 609 (D.C. 1963) he is entitled to the relief requested by him. Also see Comulada v. Willingham, 351 F.2d 936, 10CA.

There seems to be little dispute about the basic facts. Petitioner was convicted of theft of money from a bank in Illinois and for placing lives of employees of the bank in jeopardy by use of a firearm. After a jury trial in the United States District Court for the Northern District of Illinois, Western Division, and on July 23, 1964, he was sentenced by that Court to serve a term of twenty-five (25) years and to pay a fine of $10,000.00.

From this conviction an appeal was taken to the United States Court of Appeals, Seventh Circuit, and while the record is not entirely clear on the point, it appears that petitioner's conviction was affirmed by that Court, United States v. Levine, 354 F.2d 568 (1965). On certiorari to the United States Supreme Court, that Court on June 20, 1966, sustained petitioner's motion for leave to proceed in forma pauperis and his petition for a writ of certiorari was granted and the judgment of affirmance was vacated by the Supreme Court and the case remanded to the Circuit Court of Appeals for a full hearing. See 384 U.S. 885, 86 S.Ct. 1973, 16 L.Ed.2d 1000.

Prior to this time, and following his conviction, petitioner had, pursuant to Rule 38(a) (2) and before that Rule was amended, elected not to commence service of the sentence imposed upon him by the Illinois District Court. Petitioner apparently did not post bail and he was

removed to the United States Penitentiary at Leavenworth by direction of the Attorney General and held there pending his initial appeal. He thereafter filed in this Court a petition for a writ of habeas corpus, Case No. 3749 H.C., demanding that he be returned to the Northern District of Illinois to aid his counsel in preparation of the appeal then pending before the Court of Appeals for the Seventh Circuit. A show cause order was issued by this Court (Stanley, J.) and then petitioner was returned by direction of the Attorney General to the Northern District of Illinois where he was able to confer and consult with counsel representing him on appeal.

Following the affirmance of his conviction by the U. S. Court of Appeals, Seventh Circuit, United States v. Levine, (supra), the sentencing court under amended Rule 38(a) (2), found that petitioner had remained at his place of trial for a period reasonably necessary to permit him to assist in the preparation of his appeal, and thereupon recommended that petitioner be transferred to a place of confinement for service of his sentence, no bail having been furnished.

The record reveals that service of petitioner's sentence commenced at Leavenworth on July 1, 1966. In the meantime, the affirmance of his conviction had been vacated by the United States Supreme Court and the case remanded to the Court of Appeals of the Seventh Circuit. The case was assigned by that Court for argument on December 1, 1966, and briefs were directed to be filed and were due on or before November 15, 1966.

This action was instituted November 11, 1966. It seems doubtful petitioner could now offer any assistance to counsel in presenting his current appeal. In any event, the resolution of the issues here turn upon the contention of petitioner, as alleged in his reply, that the place of his custody and his rights must be determined under the provisions of Rule 38(a) (2) as it existed prior to its amendment on July 1, 1966 and not under the amended rule.

Under the order promulgating the amendments to the Federal Rules of Criminal Procedure, which was submitted to Congress (89th Congress, 2nd session, Doc. 390 HR), it was directed:

"2. That the foregoing amendments and additions to the Rules of Criminal Procedure shall take effect on July 1, 1966, and shall govern all criminal proceedings thereafter commenced and so far as just and practicable, all proceedings then pending."

Rule 38(a) (2) as amended effective July 1, 1966 provides:

"(a) Stay of Execution.

(2) Imprisonment. A sentence of imprisonment shall be stayed if an appeal is taken and the defendant (~~elects not to commence service of the sentence for~~) is admitted to bail. *If the defendant is not admitted to bail, the court may recommend to the Attorney General that the defendant be retained at, or transferred to, a place of confinement near the place of trial or the place where his appeal is to be heard, for a period reasonably necessary to permit the defendant to assist in the preparation of his appeal to the court of appeals."*

The phrase *"elects not to commence service of the sentence for"* was eliminated from the Rule, and the italicized sentence was added. As explained in the advisory committee's discussion of the reason for the change, it was stated that the amendment eliminates the procedure for election not to commence service of sentence. In lieu thereof it is provided that the Court may recommend to the Attorney General that the defendant be retained at or transferred to a place of confinement near the place of trial, or the place where the appeal is to be heard for the period reasonably necessary to permit the defendant to assist in the preparation of his appeal to the Court of Appeals. Under this procedure the defendant would no longer be required to serve dead time in a local jail in order to assist in the preparation of his appeal. As the

Rule is amended the defendant may be permitted by the sentencing court to remain at or near the place of his conviction, or at or near the place where his appeal is pending so that he may assist his counsel in preparation of his appeal. At the same time under provisions of 18 U.S.C. § 3568, as amended he may take credit for the time he is confined pending the appeal in event the judgment of conviction and sentence is affirmed.

 It seems obvious that this change in the Rule which the Court finds was applicable to the proceeding then pending before the United States District Court for the Northern District of Illinois, left to the sentencing Court the determination of whether this defendant should be retained at, or transferred to a place of confinement near the place of trial or the place where his appeal is to be heard. This determination was made by the sentencing court and by its order it concluded that petitioner had remained near his place of trial for a period reasonably necessary to permit him to assist his counsel in preparation of his appeal, and the sentencing court then authorized the Attorney General to direct his commitment to the penitentiary at Leavenworth, Kansas, the place where he is now confined. Petitioner's remedy under Rule 38(a) (2) as amended, is not by way of habeas corpus in this Court but he should seek relief by application to the sentencing court, and if this is denied then by appeal or direct application to the Court of Appeals for the Seventh Circuit, the Court having jurisdiction of his pending appeal.

 This Court finds and concludes from what has been stated, that petitioner is not entitled to the relief sought before this Court; that he is not presently being unlawfully restrained of his liberty; that he is not being denied any constitutional right or privilege and that he is lawfully in the custody of the respondent.

It is therefore by the Court ordered and adjudged that petitioner's petition and his action are hereby dismissed without prejudice.