**UNITED STATES of America**

v.

**Jose BARBOSA.**

**No. 64 Cr. 673.**

United States District Court,
S. D. New York.

June 2, 1969.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, New York City, for United States, Peter F. Rient, Asst. U. S. Atty., of counsel.

COOPER, District Judge.

Petitioner's attached letter of February 1, 1969 is treated as a motion, pursuant to 28 U.S.C. § 2255, to correct his sentence by crediting him with the time served in federal detention headquarters in New York after his execution of an election against service of sentence. Motion denied.

Petitioner was convicted on January 14, 1965 of two counts of violations of the federal narcotics laws, 21 U.S.C. §§ 173 and 174. On February 11, 1965, he was sentenced to two consecutive 5 year terms of imprisonment. A notice of appeal was filed March 9, 1965 and on March 16, 1965 petitioner executed the election against service of sentence. About November 24, 1965 he was transferred to Danbury Prison. His appeal was dismissed as frivolous on March 31, 1966.

In the instant motion, petitioner requests credit for time served at federal detention headquarters from March 16, 1965 to approximately November 24, 1965.[1] His request is predicated on the assertions that he "didn't know what they [the election against service of sentence papers] meant, due to a language barrier" and that the help given by a Spanish speaking inmate assigned to translate for him "did more harm than good."

We find these wholly conclusory allegations insufficient to warrant a hearing on the instant motion. Further, his present contention appears somewhat at variance with his own statement in a letter to this Court dated April 11, 1966 (appended hereto): "I can offer no valid reason for losing the year or so by my *foolish choice* of electing 'not to serve.'" (Emphasis supplied.)

Petitioner's assertion that the help given by the Spanish speaking interpreter "did more harm than good" is totally unsupported; nowhere does petitioner state what the help consisted of or the way in which it misled or harmed him.[2]

There is nothing here presented to alter our belief that petitioner voluntarily and knowingly executed the election not to serve his sentence realizing the effects of such waiver.

Prior to the 1966 amendment to Rule 38(a) (2), F.R.Crim.P., a defendant's election, such as petitioner's, not to commence service of his sentence served to exclude credit for time spent in custody under his "election." See Sobell v. Attorney General, 285 F.Supp. 958 (M.D. Pa.1968), *aff'd*, 400 F.2d 986 (3rd Cir. 1968); United States v. Pruitt, 397 F.2d 502 (7th Cir., 1968); Leyvas v. United States, 371 F.2d 714 (9th Cir. 1967); Allocco v. Heritage, 310 F.2d 719 (5th Cir. 1962). While the amendment to Rule 38(a) (2) abolishes the election procedure, it "took effect only on July 1, 1966, see 383 U.S. 1089 (1966), and does not apply retroactively." Valcarcel v. United States, 409 F.2d 211 (2d Cir. April 1, 1969).

The fact that petitioner was transferred to Danbury Prison during the pendency of his appeal and while his election was still in effect does not entitle him to the credit he now seeks. See Comulada v. Willingham, 351 F.2d 936 (10th Cir. 1965), *cert. denied*, 384 U.S. 973, 86 S.Ct. 1865, 16 L.Ed.2d 684 (1966); Shelton v. United States, 234 F.2d 132 (5th Cir. 1956).

Petitioner's motion is denied.

---

1. In his letter of February 1, 1969, petitioner states that he was given credit for the time he served at Danbury Prison.

2. We note that in his letter of April 11, 1966, petitioner made reference to being the victim of "some very bad legal advice." There too, however, he does not set forth what was the bad advice or how it affected his decision to elect against service of his sentence.