**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alex POPEKO, Defendant-Appellant.**

**No. 72-3102**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

March 19, 1973.

Rehearing Denied April 16, 1973.

Alex Popeko, pro se.

William S. Sessions, U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

On September 29, 1960, petitioner-appellant was convicted of three offenses: two counts charging transportation in interstate commerce of falsely made securities, Title 18 U.S.C. Section 2314, and one count under Title 18 U.S.C. Section 371 of conspiracy to violate Section 2314. He was sentenced to two consecutive ten-year terms of imprisonment for

---

\* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

the substantive charges, and a concurrent five-year term under the conspiracy count.

Immediately after sentence was imposed November 9, 1960, petitioner-appellant signed an election not to commence service of the sentence pending appeal pursuant to the provisions of F.R.Crim.P. 38(a)(2) then in effect.[1] That election stated:

"I understand that as a result of making this election I will not receive credit on my sentence for time spent in jail . . . awaiting the outcome of my appeal."

Because he failed to meet the requirements for bail, petitioner-appellant remained in the county jail until his conviction was affirmed by this Court on August 16, 1961, and his motion for rehearing was denied on September 14, 1961. Popeko v. United States, 5 Cir. 1961, 294 F.2d 168. Shortly thereafter he was moved to a federal prison and commenced serving his sentence.

Petitioner-appellant moved in the district court for his sentence to be corrected so that he will receive credit for the period of time spent in the county jail pending the final adjudication of his appeal, asserted to be 354 days. Notwithstanding the signed election his motion asserted that he did not sign the Rule 38(a)(2) waiver voluntarily or with a full understanding of its consequences. Therefore he contends, it should be of no binding effect. The district court denied relief, without a hearing, relying on Shelton v. United States,[2] 5 Cir. 1956, 234 F.2d 132, where we held:

"After his motion for new trial was denied, he gave notice of appeal and then elected not to serve his sentence. Having thus voluntarily elected not to serve, service of his sentence automatically ceased, . . . (citations omitted) . . . and he may not now complain of the results of his voluntary action." 234 F.2d at 133–134.

Before deciding whether petitioner-appellant is entitled to credit for the time he served in jail pending his appeal, it is necessary to answer a more basic inquiry. The key question is the truth or falsity of the assertion that his execution of the Rule 38(a)(2) election was neither voluntary nor entered into with a full understanding of its consequences. Davis v. United States, 7 Cir. 1971, 446 F.2d 847, 849; Johnson v. United States, 9 Cir. 1969, 414 F.2d 807; Bujese v. United States, 3 Cir. 1968, 404 F.2d 615; and Cephus v. United States, 1967, 128 U.S.App.D.C. 366, 389 F.2d 317. Indeed, the *Shelton* court assumed this premise in answering the question of credit for time served in jail pending appeal. We repeat for emphasis a portion of our quotation from *Shelton*, supra:

"Having thus *voluntarily* elected not to serve, service of his sentence automatically ceased . . . (citations omitted) . . . and he may not now complain of the results of his *voluntary* action." (Emphasis added)

Because findings of fact as to Popeko's allegation that his election was neither voluntarily nor knowingly executed are absent, we reverse and remand for an evidentiary hearing below so that such findings may be made.

Reversed and remanded.

1. F.R.Crim.P. 38(a)(2) in 1960 permitted the defendant to stay the commencement of his sentence, and thus remain within the district of his conviction, provided an appeal was taken and the defendant elected not to commence service of the sentence:
   "A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail."
   F.R.Crim.P. 38(a)(2) was amended in 1966 to eliminate the procedure for election not to commence service of sentence:
   "A sentence of imprisonment shall be stayed if an appeal is taken and the defendant is admitted to bail."

2. Not to be confused with a separate and later *Shelton* case brought by the same petitioner, J. Paul Shelton on a separate ground of claimed involuntariness of his guilty plea. See Shelton v. United States, 5 Cir. 1957, 242 F.2d 101, set aside en banc, 1957, 246 F.2d 571, reversed per curiam, 1958, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579.